STATE *ex rel.* SIDNEY J. CATTS, *Relator,* v. H. CLAY CRAWFORD, SECRETARY OF STATE, THOMAS F. WEST, ATTORNEY GENERAL, and J. C. LUNING, STATE TREASURER, COMPOSING THE STATE BOARD OF CANVASSERS OF THE DEMOCRATIC PRIMARY ELECTION OF JUNE 6, 1916, *Respondents.*

Opinion Filed Oct. 10, 1916.

Mandamus will not issue to compel the canvass of amended primary election returns, where it does not appear that the returns were amended pursuant to judicial proceedings, or that a canvass of the amended returns would result in a benefit to the relator. Nor will mandamus issue until there is a breach of duty.

Original Proceedings for Mandamus.

Application to amend petition is denied and petition dismissed.

*W. W. Flournoy,* for Relator;

No appearance for Respondents.

PER CURIAM.—This is the third application for leave to amend the petition for alternative writ of mandamus in this cause, accompanied by the proposed amendments.

Mandamus against public officers is a remedy for official inaction.

The duty of the State Canvassing Board of Primary Elections is to canvass the county returns which were duly certified by the County Canvassing Boards to the Governor and Secretary of State under Section 47 of Chapter 6469, Laws of 1913, and the amendments of

VOL. 72, JUNE TERM, 1916.          257

State ex rel. Catts v. Crawford et al.—Opinion of Court

such original returns as were made pursuant to judicial order upon alternative or peremptory writs of mandamus issuing out of the Supreme Court or the Circuit Courts for the Counties from which amended returns were so made to the Governor and Secretary of State.

Mandamus to compel the State Canvassing Board of Primary Elections to assemble and canvass original and amended returns will not issue unless it appears from the Relator's petition that such new canvass of the election returns will change the results from that declared in the previous canvass. It is a recognized rule of pleading known and practiced by all members of the profession and enforced by the courts that the facts constituting the cause of action shall be stated clearly and distinctly, to the end that the court may determine from such facts, as-suming them to be true, as stated, whether a cause of action exists in favor of the person seeking the particular relief.

The petition of relator is grossly deficient in many particulars, and makes no pretension of compliance with the established rules of pleading, and wholly fails to make a prima facie showing of the right which he claims to be his.

In the first place, the petition alleges that since September 21st, the date on which respondents assembled and canvassed the original and amended primary election returns, other amended returns have been received by the Governor and Secretary of State, but the petition fails to show that all such amended returns were made by the County Canvassing Board of the counties from which they came, under or pursuant to judicial orders by alternative or peremptory writs of mandamus; nor does the petition allege what counties have so amended their returns, nor the particulars in which such amendments were

17

made, so as to enable this Court to determine whether the petitioner would derive any material benefit from such recanvass or that the result formerly announced would be changed.    See State *ex rel.* Kehoe v. McRae, 49 Fla. 389.

In the second place, the petitioner prays that the "State Canvassing Board of the Primary Election held June 6, 1916, be required to forthwith assemble and proceed publicly to canvass any and all amended and corrected returns, not only from the County of Alachua but also from any other County of the State of Florida, which *is now* or which *may be* up to the *time* of their canvass on file with the Secretary of State and with the Governor," etc.

But the petitioner's right exists only to the performance by the Board of Canvassers of its duty as of the date the petition was filed, because up to that date, the official inaction, if any, occurred and can not by any reasonable construction or intendment be extended to a day in the future.    It is perfectly obvious to any reasonably intelligent person that an officer can not be said to have neglected to perform his official duty on some day in the future.    See *Ex Parte* Ivey, 26 Fla. 537.

The petitioner's right to have the Board assemble and canvass the original and amended returns existed, if at all, at the time he filed his petition for a writ of mandamus, which was on October 6th, 1916.    That right must rest upon the facts as they then existed, not as they might in petitioner's opinion occur or exist at some later date.

The official inaction of the Board occurring, if at all, on October 6th, gave the petitioner his right to a mandamus if he had then made it appear that there was any such official inaction which deprived him then of any benefits under the law.    This he has failed to show,

whether by design or mistake we are not called upon to state; but we do so state that a "prayer for general relief" has no place in a petition for a writ for mandamus, which lies to compel the performance of a specific ministerial duty, the non-performance of which injures the petitioner in his right.

Application to amend the petition is denied and the petition is dismissed.