THOMPSON, Judge.
Appellants seek review of a final judgment finding that certain documents in the Commissioner of Agriculture’s possession were not public records within the provisions of Chapter 119, Fla.Stat. We affirm.
In a 12 page final judgment, the trial judge set forth his findings of fact and conclusions of law in detail. We agree with each of those findings of fact and conclusions of law and by reference adopt them in this opinion.
The appellants place great reliance on Hagaman v. Andrews, 232 So.2d 1 (Fla. 1970), saying it was the case most analogous to the instant appeal. However, the facts in the instant case bear very little resemblance to the material facts in Haga-man, and the cases are easily distinguishable. In Hagaman, the Governor’s Club, a group of private individuals, donated funds to the Governor to be used by the Governor for official activities, quasi-official activities and political activities. All of the donated funds were used by the Governor for his own official, quasi-official and political activities. In addition, the Governor’s Club would hold meetings with the Governor. In affirming the trial court, the Supreme Court held:
“... The Governor’s Club has functioned in such a manner so closely related to the office of the Governor that it is not such a private organization as to place it beyond the scope of proper legislative in-vestigatioft as to sources of revenue and its expenditures of that revenue....”
In this case, Commissioner Conner merely acted as the custodian of funds that were used for the expenses incurred by members of the Florida Agricultural Trade Mission Group, a group of private citizens, in organizing and conducting foreign mission tours. None of the funds were used by Commissioner Conner for any of his activities in connection with the tours or for any of his official, quasi-official or polit *1165 ical activities. The state paid his transportation to and from his point of departure for the tour and paid him per diem while on the tour. The tour’s common carriers furnished him transportation and the travel agency gratuitously provided him with a “tour package” which paid for his accommodations. The records relating to the use of the funds of the Florida Agricultural Trade Mission Group are clearly not public records covered by Chapter 119, Fla.Stat.
AFFIRMED.
WIGGINTON, J., concurs.
WENTWORTH, J., dissents with written opinion.