# THE TRIBUNE COMPANY, etc. v DANIELS, etc. and
# LAKELAND LEDGER PUBLISHING COMPANY v DANIELS, etc.

Case Nos. GC-G-86-3811 and GC-G-86-3234 (Consolidated)

Tenth Judicial Circuit, Polk County

December 4, 1986

### APPEARANCES OF COUNSEL

**George Rahdert, Rahdert, Acosta & Dickson, P.A.,** for plaintiff Lakeland Ledger Publishing Company.

**Gregg Thomas** for plaintiff The Tribune Co.

**James Thompson** for defendant.

## OPINION OF THE COURT

DENNIS P. MALONEY, Circuit Judge.

On motion of all parties, the above-styled lawsuits were consolidated for a non-jury trial which took place in Bartow on November 12, 1986. While the issues raised in both lawsuits are similar, the specific complaints and defenses differ.

The Lakeland Ledger requests this court to do the following things:

(1) Issue a permanent mandatory injunction, enjoining and restraining the Sheriff from requiring the Ledger to submit in writing requests for public documents; from destroying any public records; or from promulgating any other policy which contravenes the Public Records Act.

(2) Issue a writ of mandamus compelling the Sheriff to perform his duty of permitting the inspection, examination and copying of non-exempt public records of the Sheriff's Department by any person desiring to do so, at reasonable times, under reasonable conditions, pursuant to the Public Records Act.

(3) Grant declaratory relief to determine the Sheriff's rights, duties and obligations in honoring requests for the inspection and copying of public records; to determine whether or not the Sheriff is subject to the Public Records Act; to determine which, if any, of the requested documents are public records; to determine whether the Sheriff's policy of requiring public records requests be put in writing is in violation of the Public Records Act; to determine whether the Sheriff's method of restraining Sheriff's Department employees from talking to Ledger reporters about matters pertaining to public records is a violation of the Public Records Act; and to determine whether the Sheriff's policy of destroying records and delaying access to records is a violation of the Public Records Act.

The Tribune Co., in its Complaint, requests a declaration of its rights and responsibilities of the Sheriff arising under the Public Records Act to preserve, maintain control over and disclose upon request public records made or received in connection with official business. The Tribune Co.'s Complaint requests a declaration that:

(1) The Public Records Act requires the Sheriff to comply with all requests for public records within a reasonable time after receipt of an oral or written request;

(2) The Public Records Act requires the Sheriff to maintain control

over public records sufficiently, so compliance with requests can be met within a reasonable period of time;

(3) The Sheriff must dispose of documents only in accordance with a program consistent with retention schedules of the Division of Archives, History and Records Management of the Department of State.

## INJUNCTIVE RELIEF

With respect to the Ledger's request that the court issue a permanent mandatory injunction, the court finds that injunction is not the appropriate remedy. An injunction is an extraordinary remedy and will issue only when there is no adequate remedy at law and only to prevent irreparable injury. The prospective injury must be so imminent and probable as to demand preventive action by the court. Facts must be plead which clearly, definitely and unequivocally set forth sufficient allegations to support the conclusion of irreparable damage. A bare allegation of future injury is not definite enough to show that irreparable injury will occur. *Swensen v. Lofton*, 457 So.2d 1069 (Fla. 2d DCA 1984); *City of Coral Springs v. Florida National Properties*, 340 So.2d 1271 (Fla. 4th DCA 1976); *First National Bank in St. Petersburg v. Ferris*, 156 So.2d 421 (Fla. 2d DCA 1963). Because the allegations and the evidence of future injury are not definite enough to show the imminency of irreparable damage, and because there are other adequate remedies available to the plaintiff, the court's intervention in this cause by way of a permanent mandatory injunction is unwarranted.

## WRIT OF MANDAMUS

The Ledger requests the court to compel the Sheriff, by issuing a writ of mandamus, to perform his duty of permitting the inspection, examination and copying of non-exempt public records of the Sheriff's Department by any person desiring to do so, at reasonable times, under reasonable conditions. There are certain specific documents which were requested by the Ledger and are at issue in this cause. The specific documents requested by the Ledger are (1) internal memoranda and typed or handwritten notes and the results relating to the preparation for and taking of polygraph examinations of prospective employees conducted by outside examiners at the Sheriff's request; (2) handwritten or typed notes, internal memoranda and results relating to · an administrative audit conducted by the Sheriff; and (3) documents pertaining to the names and addresses of a Citizen Contact Group, the duties of the group, and a financial account of money set aside in 1986-87 for the group. The matter of the request for documents pertaining to an investigation conducted by a private investigator employed by the

81

Sheriff has been resolved by a separate Order dated November 25, 1986.

Based upon the evidence presented, the court makes the following findings of fact:

(1) All documents pertaining to the polygraph examinations are public records subject to disclosure to the extent the records have been maintained in personnel files by the Sheriff. *Michel v. Douglas,* 464 So.2d 545 (Fla. 1985); Chapter 119, *Fla. Stat.*

(2) All documents and worksheets pertaining to the administrative audit are public records subject to disclosure. The documents were prepared in connection with official agency business and perpetuated, communicated or formalized knowledge intended as final evidence to be recorded, and were not mere precursors of records. *Bay County School Board v. Public Employee Relations Commission,* 382 SO.2d 747 (Fla. 1st DCA 1980); Chapter 119, *Fla. Stat.*

(3) All documents pertaining to the Citizens Contact Group are public records subject to disclosure. All aspects of the Citizens Contact Group, including its duties and funding, are related to the Sheriff's official, quasi-official or political activities. *News and Sentinel Co. v. Modesitt,* 466 So.2d 1164 (Fla. 1st DCA 1985) *pet. for rev. denied,* 476 So.2d 674 (Fla. 1985); Chapter 119, *Fla. Stat.*

(4) The Polk County Sheriff's Office is an "agency" as defined by Sec. 119.011(2), *Fla. Stat.*

(5) Sheriff Daniels, as the elected officer charged with the responsibility of maintaining the Sheriff's Office, is the custodian of the records. Sec. 119.021, *Fla. Stat.; Tober v. Sanchez,* 417 So.2d 1053 (Fla. 4th DCA 1982).

(6) Sheriff Daniels has a legal duty to maintain public records and to disclose them to the public unless the records are exempted. Chapter 119, *Fla. Stat.*

(7) None of the documents fall within a recognized exemption to the Public Records Act.

(8) A request for production of the documents was made by the Lakeland Ledger.

(9) Sheriff Daniels failed to produce all of the documents.

(10) Petitioners are entitled to production of the documents and mandamus is the appropriate remedy to compel compliance with the Public Records Act. *Wait v. Florida Power and Light Co.,* 372 So.2d 420 (Fla. 1979).

With respect to arguments by the Ledger and, in part, by the Tribune Co., that the court, by writ of mandamus, order the Sheriff to cease certain practices and policies designed to thwart the Public Records Act, the court finds that the writ of mandamus is not the appropriate remedy. The right determined by mandamus must rest upon facts and duties as they exist at the time of the filing of the petition and not as they might occur or exist at some later date. Mandamus is used to coerce performance of specific and imperative duty and will not issue when it will command a continuous and continuing series of acts which would require the court to exercise continuous supervisory jurisdiction to insure the acts were performed correctly. For these reasons, the writ may not be used to compel the Sheriff's future compliance with the Public Records Act. *State ex rel West v. Florida Coast Line Canal and Transportation Authority*, 73 Fla. 1006, 75 So. 582 (1917); *State ex rel. Catts v. Crawford*, 72 Fla. 256, 73 So. 589 (1916); *State ex rel Fraternal Order of Police, Orlando Lodge No. 25 v. City of Orlando*, 269 So.2d 402 (Fla. 4th DCA 1972), *cert. denied*, 276 So.2d 54 (1973).

## DECLARATORY JUDGMENT

The Ledger and The Tribune Co. also seek relief in this cause pursuant to Fla. Stat., Ch. 86, the Declaratory Judgment Act. The Act allows a court to render judgments concerning the existence or non-existence of any immunity, power, privilege or right existing or arising in the future. The Sheriff contends that Declaratory Judgment as to the Ledger is an inappropriate remedy because there is no longer an actual controversy between the parties. As to the Tribune Co., the Sheriff contends that there is no bona fide dispute over present, ascertainable facts, no adverse interest between the parties and no right of the Tribune Co. dependent on the determination of facts or law. The court finds the Sheriff's arguments without merit and finds that declaratory relief in this cause is appropriate because the controversies are capable of repetition. Further, the Sheriff could attempt, as here, to evade court review of the controversies in the future by alleging he has supplied all documents in his control and has done away with departmental policies which contravene the Public Records Act. *Nebraska Press Association v. Stuart*, 427 U. S. 904 (1977); *Sosna v. Iowa*, 419 U.S. 393 (1975); *Miami Herald Publishing Co. v. McIntosh*, 340 So. 2d904 (Fla. 1977); *Tribune Co. v. Cannella*, 458 So.2d 1075 (Fla. 2d DCA 1984); *Times Publishing Co. v. Burke*, 375 So.2d 297 (Fla. 2d DCA 1979).

While a court may not render an advisory opinion on the basis of mere possibility of legal injury or on the basis of facts which are

**83**

uncertain and rest in the future, declaratory judgment is appropriate where disagreement is involved, the public interest might suffer if the controversy is prolonged, the matters involved are of substantial public interest, and the court's opinion would provide guidance in the event of similar occurrences in the future. *Alsop v. Pierce*, 19 So.2d 799 (Fla. 1044); *LaBella v. Food Fair, Inc.*, 406 So.2d 1216 (Fla. 3d DCA 1981); *Times Publishing Co. v. Burke*, 375 So.2d 297 (Fla. 2d DCA 1979). The court finds this to be such a case. The Sheriff's policies imposing restraints on communications with the press and the Sheriff's requirements that public records requests be in writing are not presently in effect. However, evidence in this cause showed that such policies could be reimplemented at any time the Sheriff deemed circumstances warranted. Additionally, evidence showed that records are being disposed of largely on the basis of individual, personal judgment, without the assistance or approval of the Division of Archives, History and Records Management of the Department of State. The overall effect of these policies delay, impede or foreclose access to public records, infringe upon the rights of the public and the press, and defeat the plain intent of the Public Records Act. Even good faith action by the Sheriff based on what he may believe to be in the best interests of the department does not allow him to defeat or frustrate the intent of the Public Records Act. When the controlling law directs how a thing shall be done that is, in effect, a prohibition against it being done in any other way. *Alsop v. Pierce*, 19 So.2d 799 (Fla. 1944); *Tribune Co. v. Cannella*, 458 SO.2d 1075 (Fla. 1984).

Therefore, the court finds:

(1) The Polk County Sheriff's Office is an "agency" as defined by Sec. 119.011(2), *Fla. Stat.*

(2) Sheriff Daniels, as the elected officer charged with the responsibility of maintaining the Sheriff's Office, is the custodian of the records. Sec. 119.021, *Fla. Stat.*, *Tober v. Sanchez*, 417 So. 2d 1053 (Fla. 4th DCA 1982).

(3) Sheriff Daniels has a legal duty to maintain public records and to disclose them to the public unless the records are exempted. Ch. 119, *Fla. Stat.*

(4) The Sheriff's destruction of or failure to maintain copies of or failure to produce documents requested by the Tribune Co. was a violation of the Public Records Act. Specifically, the documents were a letter from the Sheriff to State Attorney Jerry Hill accusing the State Attorney's Office of leaking information to a local newspaper; a letter to Polk County law enforcement agencies from the Sheriff which

discussed a potential candidate who might challenge Daniels for office of Sheriff; and a memorandum to State Attorney Jerry Hil that threatened to seek a judicial writ of mandamus to acquire from Hill records of an ongoing investigation that was being conducted by the State Attorney's Office. The documents were public records subject to maintenance and disclosure. Chapter 119, *Fla. Stat.*

(5) The Sheriff's destruction of or failure to maintain copies of or failure to produce documents requested by the Ledger constitute a violation of the Public Records Act. The documents requested by the Ledger included a letter to the Chiefs of Police of Polk County, inter-office correspondence concerning abolishment of the position of public information officer, research materials concerning an administrative audit, documents pertaining to a Citizens Contact Group, documents pertaining to polygraph examinations, letters to the State Attorney, and the Sheriff's appointment calendar. The documents were public records subject to maintenance and disclosure. Chapter 119, *Fla. Stat.*

(6) Ch. 119, Florida Statutes, does not require that all requests for public records be made in writing and any Sheriff's Department policy so requiring is in contravention of the statute. See 1980 Att'y Gen. Ann. Rep. 57.

(7) The fundamental policy of Ch. 119, Florida Statutes, is that all public records shall at all times be open for a personal inspection by any person. This fundamental policy precludes the Sheriff from continuing or implementing any policy restraining communications about the existence of or access to public records as between departmental employees and the public or the press. See *Tribune v. Cannella*, 458 So. 2d 1075 (Fla. 1984).

(8) The sole purpose of custodial supervision of public records is to protect the records from alteration, damage or destruction. The only delay permitted by the Public Records Act in producing records for inspection by the public and the press is a limited reasonable time allowed the custodian to retrieve the record and delete portions of the record the custodian asserts are exempt. Any policies of the Sheriff unreasonably delaying and impeding access to records by the press or the public are precluded by the Public Records Act. See *Wait v. Florida Power and Light Co.*, 372 So. 2d 420 (Fla. 1979); *Tribune Co. v. Cannella*, 458 So.2d 1075 (Fla. 1984).

(9) The Sheriff has a legal duty to establish a program for the disposal of records in accordance with retention schedules established with the Division of Archives, History and Records Management of the Department of State, and to seek assistance from and provide an

inventory of public records to that Department. His failure to maintain records, failure to supervise records retention by seeking assistance from the State Division of Archives, History and Records Management, failure to provide the Division with an inventory of public records, and failure to adhere to the State requirements concerning the destruction of records are violative of the Sheriff's duties and obligations under the Public Records Act. Sec. 119.01(2), 119.041, 119.09, 267.051(4)-(6), *Fla. Stat.*; 1981 Att'y Gen. Ann. Rep. 12.

For the above reasons, it is

ORDERED AND ADJUDGED:

1. That the petition by the Ledger for a permanent mandatory injunction is DENIED.

2. That the petition by the Ledger for a writ of mandamus seeking production of the Polk County Sheriff's office copy of documents and other material generated in the course of creating documents pertaining to polygraph examinations, the administrative audit and the Citizens Contact Group is GRANTED.

3. That by 5:00 p.m., December 8, 1986, Sheriff H. E. "Dan" Daniels shall either produce for the petitioner the office copy of the requested documents or he shall file an affidavit with the Clerk of the Court explaining why he cannot comply.

4. That the petition by the Ledger and the Tribune Co. seeking a Declaratory Judgment that the Sheriff's policies and practices of destroying or failing to maintain public records, requiring public records requests to be made in writing, restraining communications or access to public records, and otherwise unreasonably delaying access to public records are violative of the Public Records Act is GRANTED.

5. That the court reserves jurisdiction for the purpose of determining all questions related to attorney's fees and costs.

DONE AND ORDERED at Bartow, Polk County, Florida, this 4th day of December, 1986.