543 So.2d 1262 (1989)
FLORIDA SOCIETY OF NEWSPAPER EDITORS, INC.; Florida Publishing Company; the Gainesville Sun Publishing Company; News and Sun Sentinel Company; Newspress Publishing Company; Palm Beach Newspapers, Inc.; Sentinel Communications Company; Tallahassee Democrat, Inc.; Times Publishing Company; and the Tribune Company, Appellants,
v.
The FLORIDA PUBLIC SERVICE COMMISSION; Southern Bell Telephone and Telegraph Company; at & T Communications of the Southern States, Inc.; Florida Power Corporation; and Gte Florida, Inc., Appellees.
No. 88-1562.
District Court of Appeal of Florida, First District.
April 28, 1989.
Rehearing Denied June 12, 1989.
*1263 William L. Hyde and Barry Richard, of Roberts, Baggett, LaFace & Richard, Tallahassee, for appellant Florida Soc. of Newspaper Editors, Inc., et al.
Samuel A. Terilli, Gen. Counsel, and Richard J. Ovelmen, Edward Soto, and John R. Borgo, of Baker & McKenzie, Miami, for appellant Miami Herald Publishing Co.
Susan F. Clark, Gen. Counsel, Tallahassee, for appellee Florida Public Service Com'n.
William H. Adams, III and David E. Otero, of Mahoney Adams Milam Surface & Grimsley, Jacksonville, and Thomas M. Ervin, Jr. and Kelly Overstreet Johnson, of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellee Southern Bell Telephone & Telegraph Co.
John P. Fons, of Aurell, Fons, Radey, & Hinkle, and Michael W. Tye, AT & T Communications, Tallahassee, for appellee AT & T Communications of the Southern States, Inc.
Gary L. Sasso and Paul E. Lund, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellee Florida Power Corp.
BARFIELD, Judge.
We affirm the circuit court's denial of a complaint for writ of mandamus which sought to compel the Florida Public Service Commission to allow appellants (the Newspapers) access to documents produced by Southern Bell Telephone and Telegraph Company in response to pleadings filed by the Public Counsel in a rate proceeding, and to prohibit the Commission from denying *1264 anyone access to any of its proceedings.[1]
The Newspapers asserted that the Commission's denial of their right to inspect and copy the Southern Bell documents violated the Public Records Act, chapter 119, Florida Statutes (1987), and that the Commission's closure of other proceedings involving AT & T and Florida Power violated section 286.011, the Florida Government in the Sunshine Act. The Commission moved to dismiss the action on the grounds that the Newspapers had not exhausted available administrative remedies under rule 25-22.006(6) by contesting the determination of confidentiality, that the Commission's exercise of discretionary authority to exempt confidential utility records from the Public Records Act is not reviewable by mandamus, and that the Florida Supreme Court has exclusive jurisdiction under article V, section 3(b)(2) of the Florida Constitution to review Commission actions relating to rates and services of utilities providing electric, gas, or telephone service.[2] In addition, the utilities involved argued that the Newspapers had not demonstrated that the Commission had a clear legal duty to afford access to confidential information or to open hearings at which confidential information would be discussed, and that an agency's inclination to perform in the future may not be reached by mandamus.
The circuit court denied mandamus relief on the grounds that the complaint did not set forth a clear legal duty on the part of the Public Service Commission to disclose the documents at issue, that "it does not appear that a Writ of Mandamus to compel a ministerial function would extend to supervising events which have not occurred," and that the Newspapers had not exhausted adequate available administrative remedies.
The central issue here is whether the Commission's determination, under sections 364.183 and 366.093, that a document it has required a utility company to produce contains "proprietary confidential business information" is an exercise of discretion, or merely a nondiscretionary, ministerial act for which the remedy of mandamus is available. If no exercise of discretion is involved and the Newspapers demonstrate that the Commission has a clear legal duty to disclose unexempted public records, mandamus would be appropriate to compel the Commission to allow the Newspapers to inspect and copy them. But mandamus will not lie to direct an agency in the exercise of its discretionary authority or to alter or review action taken in the proper exercise of that jurisdiction. State ex rel. Corbett v. Churchwell, 215 So.2d 302 (Fla. 1968); Solomon v. Sanitarians' Registration Board, 155 So.2d 353 (Fla. 1963).[3]
In most cases, a determination of exemption from the Public Records Act does not involve an exercise of discretion, but merely a comparison of the document in question with the pertinent exemption provision. If the document contains the information specified in the exemption provision, it is exempt; if it does not, it is not exempt and must be made available. In the latter case, because the complainant can show a "clear *1265 legal duty" under the Public Records Act to disclose the information, mandamus will lie to compel that ministerial act. Gadd v. News-Press Publishing Company, 412 So.2d 894 (Fla. 2d DCA), rev. den., 419 So.2d 1197 (Fla. 1982).
But sections 364.183 and 366.093 are worded differently from other exemption provisions. These statutes exempt from section 119.07(1) any records which are shown to be "proprietary confidential business information." This term is defined in both sections to include, "but is not limited to," trade secrets and other enumerated types of information.[4] Section 350.121 exempts from section 119.07(1) any material obtained by the Commission during an "inquiry" while the inquiry is pending, but it also exempts from disclosure in any formal administrative or judicial proceeding any material from the inquiry "determined by the commission or by a judicial or administrative body, federal or state, to be trade secrets or proprietary confidential business information."
The language of these exemption statutes indicates that determination of an exemption for "proprietary confidential business information" requires an exercise of discretion, unlike most other exemptions, and that mandamus would therefore not lie. A writ of mandamus is used to enforce a clear legal right to the performance of a clear legal duty, rather than to establish such a right. State ex rel. Glynn v. McNayr, 133 So.2d 312 (Fla. 1961); State, Department of Health and Rehabilitative Services v. Hartsfield, 399 So.2d 1019 (Fla. 1st DCA 1981); State v. Gamble, 339 So.2d 694 (Fla. 2d DCA 1976), cert. den., Gamble v. State, 345 So.2d 422 (Fla. 1977).
The Newspapers argue that even if the Commission's classification of the documents as confidential is correct, it should not be allowed to close its proceedings merely because confidential public records may be discussed, since the Government in the Sunshine Law provides no such exemption to the duty to conduct open meetings.[5] It asserts that the Public Records Act as amended in 1985, section 119.07(5), explicitly states that no exemptions to the inspection right granted by chapter 119 "shall be interpreted as providing an exemption from or exception to section 286.011." Conceding that Marston v. Gainesville Sun Publishing Company, Inc.[6] and Capeletti Brothers, Inc. v. Department of Transportation[7] appear to justify the Commission's decision to close otherwise public hearings, the Newspapers contend that these cases were wrongly decided and should be overruled.
In Marston, this court rejected a claim that a university honor court must open its disciplinary hearings, "the written record of which are shielded from public eyes" by statute and administrative rule, to the public. The court noted that "there is no benefit to the student of confidentiality in the documentary evidence and report of his infraction if the public may demand admittance to the meeting where that evidence is exhibited and the substance of that report discussed."[8] In Capeletti Brothers, this court rejected a similar claim involving bid procedures, holding that when the Sunshine Act and a Public Records Act exemption conflict, the later, more specific expression of legislative intent prevails (there the exemptions under section 337.168). The Newspapers have not demonstrated that these cases were wrongly decided, and we decline to recede from them. Furthermore, the purpose of mandamus is to compel *1266 the performance of a specific duty imposed by law. The writ is improper unless there has been a clear breach or dereliction of duty, and will not issue in anticipation of a supposed omission of duty. State ex rel. Catts v. Crawford, 72 Fla. 256, 73 So. 589 (Fla. 1916).
Even if we were to construe the complaint for mandamus as a request for injunction, declaratory judgment, or some other relief, we would find that the circuit court properly denied relief on the ground that the Newspapers failed to exhaust adequate administrative remedies available to them. If the Newspapers had attempted to exhaust the administrative remedies and their attempt had been frustrated by delay or failure to act, these forms of judicial relief remained available to them to compel the Commission to act in a prompt and expeditious manner.[9] However, the Newspapers make no such claim in this case.[10]
Exhaustion of administrative remedies is a question of judicial policy, not jurisdiction. St. Joe Paper Company v. Florida Department of Natural Resources, 536 So.2d 1119 (Fla. 1st DCA 1988). Judicial enforcement of the Public Records Law is implicitly authorized by section 119.11(1), which provides: "Whenever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing, giving the case priority over other pending cases." Section 286.011(2) explicitly confers jurisdiction on the circuit court "to issue injunctions to enforce the purposes of this section." And section 120.73 provides that nothing in the Administrative Procedures Act may be construed "to repeal any provision of the Florida Statutes which grants the right to a proceeding in the circuit court in lieu of an administrative hearing or to divest the circuit courts of jurisdiction to render declaratory judgments under the provisions of chapter 86." But as this court noted in State ex rel. Department of General Services v. Willis,
Using historic injunctive powers the Constitution commits to them as courts of equity, circuit courts had and exercised jurisdiction to enjoin administrative action long before the power to enjoin was endorsed by the 1961 Administrative Procedure Act.
The general power to enjoin thus continues, but it continues subject to judicial restrictions on its use which require prior resort to and exhaustion of administrative remedies when they are available and adequate. The companion doctrines of primary jurisdiction and exhaustion of administrative remedies are not statutory creatures but judicial, together constituting a "doctrine of self-limitation which the courts have evolved, in marking out the boundary lines between areas of administrative and judicial action." The one counsels judicial abstention when claims otherwise cognizable in the courts have been placed within the special competence of an administrative body; the other, when available administrative remedies would serve as well as judicial ones. Even though the legislative power may not presume to characterize an adequate administrative remedy as "exclusive," courts will so regard it.
344 So.2d 580, 589 (Fla. 1st DCA 1977) (citations omitted). Under this doctrine, the circuit court cannot be said to have lacked subject matter jurisdiction in this case, but only to have chosen to abstain from exercising that jurisdiction in deference to the administrative process. St. Joe Paper Company. The denial of relief on this ground was therefore proper unless the Newspapers did not have available to *1267 them an adequate administrative remedy.[11]
We find that the circuit court correctly ruled that the Newspapers had available to them an adequate administrative remedy under rule 25-22.006 to challenge the Commission's determinations of confidentiality under sections 364.183 and 366.093. Subsection (6) of the rule authorizes requests by any person for Commission determination of the nonconfidentiality of material in its possession, either as a response to the utility's request for confidential classification, or after the material has been classified as confidential.[12] It also authorizes requests by any person that the Commission edit material that has been classified as confidential "to produce a copy appropriate for inspection or examination under Section 119.07(2)."[13] The Commission's determination in either case is reviewable in the district court of appeal under the Administrative Procedure Act, section 120.68. The Newspapers have not demonstrated that these remedies are not adequate to protect their interests, and cannot therefore seek a remedy in the circuit court without first exhausting the remedies provided by the administrative procedure statutes and rules.[14]
The circuit court's order denying the complaint for writ of mandamus is AFFIRMED.
NIMMONS and MINER, JJ., concur.
NOTES
[1] Southern Bell produced the documents after it had obtained a protective order under section 364.183, Florida Statutes (1987), and Rule 25-22.006, Florida Administrative Code, to prevent public disclosure of material the Commission had determined to be "proprietary confidential business information" exempt from the disclosure requirements of the Public Records Act, section 119.07(1). The Commission closed two other proceedings involving AT & T Communications of the Southern States and Florida Power Corporation, respectively, in which there was discussion of documents declared confidential under sections 364.183 and 366.093. Southern Bell, AT & T and Florida Power were allowed to intervene in the action for mandamus.
[2] We find no merit in the Commission's "lack of jurisdiction" argument, which was not explicitly addressed in the circuit court's order, but which was implicitly rejected by the supreme court in its denial of the Commission's petition for writ of prohibition to bar further proceedings in the circuit court.
[3] Mills v. Doyle, 407 So.2d 348 (Fla. 4th DCA 1981), held that disclosure of public records is not a discretionary act, but is a "mandatory act" for purposes of mandamus relief, but the question in that case was not whether the records were exempt from the Public Records Act, but whether employment contract provisions or a constitutional "right to privacy" could preclude disclosure of public records.
[4] "Trade secret" is defined in section 812.081, Florida Statutes (1987), as any compilation of information "which is for use, or is used, in the operation of a business and which provides the business an advantage, or an opportunity to obtain an advantage, over those who do not know or use it."
[5] We note the record evidence that, as a matter of policy, the Commission attempts to avoid closure of its proceedings and closes only that portion in which confidential material must be discussed.
[6] 341 So.2d 783 (Fla. 1st DCA 1976), cert. den., Gainesville Sun Publishing Company, Inc. v. Marston, 352 So.2d 171 (Fla. 1977).
[7] 499 So.2d 855 (Fla. 1st DCA 1986), rev. den., 509 So.2d 1117 (Fla. 1987).
[8] 341 So.2d at 785.
[9] It is the policy of the legislature and the courts of this state to expedite proceedings involving denial of media access to public records and judicial proceedings. Gadd v. News-Press Publishing Company, 412 So.2d 894 (Fla. 2d DCA), rev. den., 419 So.2d 1197 (Fla. 1982) (common-law writ of certiorari granted to review circuit court orders relating to suit for access to hospital records).
[10] As to the Newspapers' claim that the administrative remedy is "too little too late," in Communities Financial Corporation v. Florida Department of Environmental Regulation, 416 So.2d 813 (Fla. 1st DCA 1982), this court held: "Since such avenues of relief were not pursued, we cannot conclude that the remedies of the administrative process were inadequate."
[11] In Willis, this court noted that chapter 119 and section 286.011 "plainly authorize suits for injunction in circuit court in lieu of administrative remedies," but as appellees point out, this dictum cannot logically be applied to statutory exemptions to the Public Records Act that did not exist when Willis was written (section 364.183 was not enacted until four years after Willis was decided).
[12] Subsection (4) of the rule provides for classification of material received by the Commission from a utility as "specified confidential information" upon the request of the utility, which bears the burden of showing that the document contains "bona fide proprietary confidential business information" under sections 350.121, 364.183, 366.093, or 367.156.
[13] The burden of proof is on the utility to show which portions of the document "do in fact constitute bona fide proprietary confidential business information which must be edited from the material."
[14] In Communities Financial Corporation v. Florida Department of Environmental Regulation, 416 So.2d 813 (Fla. 1st DCA 1982), this court ruled that the circuit court should have dismissed a complaint for declaratory and injunctive relief which was based upon the agency's alleged lack of dredge-and-fill permit jurisdiction, because of the appellant's failure to exhaust its administrative remedies. The court rejected the appellant's claim of an exception to the doctrine, "where agency actions are so egregious or devastating that the promised administrative remedies are too little or too late," pointing out that it did not meet any of the Willis criteria for invoking circuit court jurisdiction in such cases:

(1) the complaint must demonstrate some compelling reason why the APA (Chapter 120, Florida Statutes) does not avail the complainants in their grievance against the agency; or (2) the complaint must allege a lack of general authority in the agency and, if it is shown, that the APA has no remedy for it; or (3) illegal conduct by the agency must be shown and, if that is the case, that the APA cannot remedy the illegality; or (4) agency ignorance of the law, the facts, or public good must be shown and, if any of that is the case, that the Act provides no remedy; or (5) a claim must be made that the agency ignores or refuses to recognize related or substantial interests and refuses to afford a hearing or otherwise refuses to recognize that the complainants' grievance is cognizable administratively.
Id. at 816. The court also rejected the appellant's allegation that "the numerous and complex legal and factual issues regarding DER's jurisdiction, the timeliness and efficacy of its agency action, and the propriety of applying certain statutory and regulatory standards" necessitated circuit court intervention, noting:
Such an allegation, without more, undermines the very purpose of the APA, for it presupposes that a circuit court is a more appropriate forum for resolution of disputes which are particularly within the administrative agency's expertise.
Id.