950 So.2d 1288 (2007)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Johnnie Lee RIFE, et al., Appellee.
No. 5D06-2957.
District Court of Appeal of Florida, Fifth District.
March 23, 2007.
Bill McCollum, Attorney General, Tallahassee, and Yvette A. MacMillan Assistant Attorney General, Tampa, for Appellant.
No Appearance for Appellee.
PALMER, J.
The Department of Highway Safety and Motor Vehicles (the Department) appeals the trial court's order dismissing with prejudice its forfeiture action regarding Johnnie Lee Rife's motor vehicle. Determining that the trial court incorrectly applied the Florida Contraband Forfeiture Act, we reverse.
Rife was arrested for driving under the influence (DUI) in violation of section 316.193 of the Florida Statutes. Because Rife had twice previously, within ten years, been convicted of DUI, his third violation was deemed a felony pursuant to section 316.193(2)(b)1. of the Florida Statutes.[1]
The Department initiated forfeiture proceedings to seize Rife's motor vehicle under the Florida Contraband Forfeiture Act, alleging that Rife had used his motor vehicle in the commission of a felony. After conducting a hearing, the trial court dismissed the petition, concluding that no *1289 forfeiture could occur for the offense of DUI unless the offender's license was suspended, revoked, or cancelled as a result of a prior DUI conviction. The trial court ruled that, pursuant to the rules of statutory construction, the specific forfeiture provision for DUI offenses set forth in section 932.701(2)(a)9. controls over the general forfeiture provision contained in section 932.701(2)(a)5. The court erred in so ruling.
The Florida Contraband Forfeiture Act provides that contraband articles shall be seized and forfeited as follows:
932.703 Forfeiture of contraband article; exceptions.(1)(a) Any contraband article, vessel, motor vehicle, aircraft, other personal property, or real estate used in violation of any provision of the Florida Contraband Forfeiture Act, . . . may be seized and shall be forfeited subject to the provisions of the Florida Contraband Forfeiture Act.
§ 932.703(1)(a), Fla. Stat. (2005). Section 932.701(2)(a) of the Florida Statutes defines the term "contraband article" as follows:
932.701. Short title; definitions
* * *
(2) As used in the Florida Contraband Forfeiture Act:
(a) "Contraband article" means:
* * *
5. Any personal property, including, but not limited to, any vessel, aircraft, item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, books, records, research, negotiable instruments, or currency, which was used or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, whether or not comprising an element of the felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act.
* * *
9. Any motor vehicle used during the course of committing an offense in violation of s. 322.34(9)(a).[[2]]
§ 932.701(2)(a), Fla. Stat. (2005)(emphasis added).
Rife's commission of a felony DUI fits within the definition of using a contraband article in the commission of a felony. Accordingly, pursuant to section 932.701(2)(a)5., Rife's motor vehicle is subject to forfeiture. See Daniels v. Florida Dep't. of Health, 898 So.2d 61 (Fla. 2005)(holding when the statutory language is clear, courts have no occasion to resort to rules of construction; they must read the statute as written, for to do otherwise would constitute an abrogation of legislative power).
While section 932.701(2)(a)9. of the Florida Statutes defines a "contraband article" to include a motor vehicle used while driving under the influence of alcohol or drugs if the person's driver's license is suspended, revoked or cancelled as a result of a *1290 prior conviction, even if such violation is not a felony, that section does not supersede section 932.701(2)(a)5. of the Florida Statutes which defines "contraband article" to include any vehicle used in the commission of a felony. Here, section 932.701(2)(a)9. does not apply because both parties admit that Rife was not driving while his license was suspended, revoked, cancelled or disqualified. Both parties also agree that a third DUI charge that occurs within ten years after a prior conviction is a third degree felony. If either section is applicable, forfeiture is allowed. Under the alleged facts of this case, section 932.701(2)(a)5. of the Florida Statutes was applicable and, accordingly, the dismissal of the forfeiture action was error.
REVERSED and REMANDED.
MONACO and TORPY, JJ., concur.
NOTES
[1] Section 316.193(2)(b)1. of the Florida Statutes provides as follows:

316.193. Driving under the influence; penalties.
* * *
(2)[b] 1. Any person who is convicted of a third violation of this section for an offense that occurs within 10 years after a prior conviction for a violation of this section commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. In addition, the court shall order the mandatory placement for a period of not less than 2 years, at the convicted person's sole expense, of an ignition interlock device approved by the department in accordance with s. 316.1938 upon all vehicles that are individually or jointly leased or owned and routinely operated by the convicted person, when the convicted person qualifies for a permanent or restricted license. The installation of such device may not occur before July, 2003.
§ 316.193(2)(b)1., Fla. Stat. (2005)(emphasis added).
[2] Section 322.34(9)(a) of the Florida Statutes provides:

322.34. Driving while license suspended, revoked, canceled, or disqualified
* * *
(9)(a) A motor vehicle that is driven by a person under the influence of alcohol or drugs in violation of s. 316.193 is subject to seizure and forfeiture under ss. 932.701-932.707 and is subject to liens for recovering, towing, or storing vehicles under s. 713.78 if, at the time of the offense, the person's driver's license is suspended, revoked, or canceled as a result of a prior conviction for driving under the influence.
§ 322.34(9)(a), Fla. Stat. (2005).