THOMAS, J.
 

 Progress Energy Florida, Inc. (Progress Energy) and several of its employees petition for writ of certiorari to quash an order entered by the Florida Public Service Commission (the Commission). The Commission’s order denied Petitioners’ request to treat certain employee compensation in
 
 *862
 
 formation as confidential and exempt from public disclosure under Florida’s Public Records Law. Florida Power & Light Company (Florida Power) also petitions for a writ of certiorari to quash a similar order entered by the Commission regarding its employees’ compensation information. Florida Power’s employees petition for a writ of mandamus to prevent the disclosure of their compensation information, arguing such disclosure would violate their right to privacy guaranteed by Article I, section 23 of the Florida Constitution.
 

 We consolidated these petitions for disposition because the facts, issues, and arguments are substantially the same. For the reasons discussed below, we reverse the Commission’s orders and order the Commission to keep the compensation information at issue confidential, in accordance with the procedures in section 366.093, Florida Statutes (2008).
 

 Background
 

 In March 2009, Progress Energy and Florida Power applied to the Commission for increases in the base rates they charge consumers. The Commission has jurisdiction over the regulation of electric utilities with respect to rates and service, and is charged with considering and investigating the legitimate costs associated with a requested utility rate increase. §§ 366.04(1)-(2), 366.041(1), & 366.06, Fla. Stat. (2008). Progress Energy and Florida Power included employee compensation as costs associated with the increased rate change. Information relating to the rates or costs of services is relevant in a ratemaking proceeding for discovery purposes. § 366.093(2), Fla. Stat. Discovery in a ratemaking proceeding is governed by Florida Rule of Civil Procedure 1.280.
 
 See id.
 

 In response to Progress Energy’s and Florida Power’s requests for increased rates, the Commission’s staff issued a series of interrogatories requesting the following information for all Progress Energy and Florida Power employees who earned $165,000 or more per year: name and title; base salary; overtime; bonuses; stock options; option awards; non-equity incentive plan compensation; all other compensation; total compensation; amount of total compensation allocated to the utility; and amount of total compensation included in adjusted jurisdictional other operation and management expenses.
 

 Progress Energy and Florida Power answered the interrogatories and provided some of the information, but filed contemporaneous motions seeking to protect the confidentiality of the compensation information under section 366.093(3), Florida Statutes. The utility companies argued the information should be kept confidential because it was sensitive competitive business information, and disclosure of the information to the public would invade their employees’ right to privacy. Section 366.093, Florida Statutes, allows documents produced in a ratemaking proceeding to be exempt from public disclosure if the Commission determines the information is proprietary confidential business information. The Commission’s staff responded with motions to compel all employee compensation information included in the interrogatories.
 

 Several of Progress Energy’s and Florida Power’s employees moved to intervene in the proceeding on the basis that their constitutional privacy rights were at risk. The Commission granted the motion.
 

 The Commission held a full hearing to consider the staffs motions to compel and the utility companies’ requests for confidentiality. At the hearing, Progress Energy and Florida Power argued together that the compensation information previously provided was adequate to det
 
 *863
 
 erminate the reasonableness of their rate requests. The gist of the companies’ argument was that the salary information needed to remain confidential to prevent the loss of high-level employees and internal strife between employees.
 

 After the hearing, the Commission entered two interlocutory orders in each ratemaking case. The first order compelled production of all compensation information. The Commission determined the information was necessary to complete its ratemaking function. In addition, the Commission ruled it lacked jurisdiction to consider the intervenors’ constitutional argument. The second order denied the confidentiality requests. The Commission determined the utility companies’ compensation information could not be confidential because section 366.093(3)(f), Florida Statutes, expressly excluded such information from being considered proprietary confidential business information.
 

 Following entry of the orders, Progress Energy and Florida Power filed requests with the Commission that the information be kept confidential until judicial review is complete.
 
 See
 
 Fla. Admin. Code R. 25-22.006(10).
 

 Analysis
 

 We first address our jurisdiction to consider the merits of Petitioners’ issues. Next, we turn to the correct statutory interpretation and application of section 366.093, Florida Statutes. Finally, we briefly discuss the constitutional argument raised by Petitioners.
 

 A. Jurisdiction and Scope of Review
 

 We have jurisdiction even though these cases arise out of electric utility rate-making proceedings at the Commission. The specific “action” at issue is the Commission’s determination that certain information provided by the utilities during discovery is not confidential under section 366.093(3), not the Commission’s ultimate determination of the utilities’ rates or services.
 
 See
 
 § 350.128(1), Fla. Stat. (2008);
 
 Fla. Soc’y of Newspaper Editors, Inc. v. Fla. Pub. Serv. Comm’n,
 
 543 So.2d 1262, 1264 n. 2 (Fla. 1st DCA 1989);
 
 see also
 
 England, et al.,
 
 Constitutional Jurisdiction of the Supreme Court of Florida: 1980 Reform,
 
 32 Fla. L.Rev. 147, 175 (1980) (explaining one purpose of the 1980 amendments to Article V, section 3(b)(2) of the Florida Constitution was to limit scope of the supreme court’s jurisdiction to review commission action).
 

 We treat the petitions for writ of certiorari and mandamus as appeals from non-final agency action.
 
 See
 
 § 120.68(1), Fla. Stat. (2008); Fla. R.App. P. 9.100, 9.190;
 
 see also Fla. Soc’y of Newspaper Editors,
 
 543 So.2d at 1267. However, our scope of review on appeal over a non-final order is analogous to and no broader than review by common law certiorari.
 
 See State, Dep’t of Fin. Servs. v. Fugett,
 
 946 So.2d 80, 81 (Fla. 1st DCA 2006);
 
 Charlotte County v. Gen. Dev. Utils., Inc.,
 
 653 So.2d 1081, 1084 (Fla. 1st DCA 1995). Thus, Petitioners must demonstrate that the orders on review depart from the essential requirements of the law and cause material injury that cannot be remedied on appeal.
 
 See Charlotte County,
 
 653 So.2d at 1084.
 

 Petitioners argue that the material harm caused by the orders is irreparable and cannot be remedied on appeal of the final orders in the ratemaking proceedings because by that point the confidential information will have already been made public.
 
 See Cordis Corp. v. O’Shea,
 
 988 So.2d 1163, 1165 (Fla. 4th DCA 2008) (quashing discovery order requiring production of confidential information and recognizing the irreparable “cat out of the bag” harm that results from release of such informa
 
 *864
 
 tion). The Commission argues Progress Energy and Florida Power cannot show irreparable harm because the utility companies will be able to appeal the interlocutory orders after a final order is issued.
 
 [1]
 
 Florida Administrative Code Rule 25-22.006(10) provides, however, that
 

 [w]hen the Commission denies a request for confidential classification, the material will be kept confidential until the time for filing an appeal has expired. The utility ... may request continued confidential treatment until judicial review is complete.... The material will thereafter receive confidential treatment through completion of judicial review.
 

 The rule clearly contemplates an appeal directly from the non-final order and does not mention review after final agency action. Section 120.68(1), Florida Statutes, requires an appeal from non-final agency action to be filed within 30 days. The Commission could have released the utilities’ compensation information after 30 days, had the utilities not filed these petitions and requested continued confidentiality of the information pending our review. Thus, we reject the Commission’s argument that irreparable harm could not result if review of the orders were denied.
 

 B. Statutory Construction
 

 Although the Legislature has given the Commission broad authority to inspect a utility company’s records in ratemaking proceedings, any information which is shown to be proprietary confidential business information “shall be kept confidential and shall be exempt” from section 119.07(1), Florida Statutes. § 366.093(1), Fla. Stat. What constitutes proprietary confidential business information is detailed in section 366.093(3), Florida Statutes:
 

 (3) Proprietary confidential business information means information, regardless of form or characteristics, which is owned or controlled by the person or company, is intended to be and is treated by the person or company as private in that the disclosure of the information would cause harm to the ratepayers or the person’s or company’s business operations, and has not been disclosed unless disclosed pursuant to a statutory provision, an order of a court or administrative body, or private agreement that provides that the information will not be released to the public. Proprietary confidential business information includes, but is not limited to:
 

 (a) Trade secrets.
 

 (b) Internal auditing controls and reports of internal auditors.
 

 (c) Security measures, systems, or procedures.
 

 (d) Information concerning bids or other contractual data, the disclosure of which would impair the efforts of the public utility or its affiliates to contract for goods or services on favorable terms.
 

 (e) Information relating to competitive interests, the disclosure of which would impair the competitive business of the provider of the information.
 

 (f) Employee personnel information unrelated to compensation, duties, qualifications, or responsibilities.
 

 (Emphasis added.)
 

 The Commission denied Progress Energy’s and Florida Power’s confidentiality requests after construing sub-subsection (f) to expressly exclude compensation information from the definition of proprie
 
 *865
 
 tary confidential business information. The Commission found the statute was unambiguous, but went on to find that even if the statute were ambiguous, the specific provisions of sub-subsection (f) prevailed over the general definition in subsection (3). As explained below, the Commission’s interpretation of section 366.093(3)(f) is clearly erroneous; therefore, we must depart from the Commission’s construction.
 
 See PW Ventures, Inc. v. Nichols,
 
 533 So.2d 281, 283 (Fla.1988) (explaining the Commission’s construction of statute it is charged with enforcing is entitled to great deference and the court will not depart from such construction unless clearly erroneous).
 

 Legislative intent is the polestar that guides a court’s statutory construction analysis.
 
 See Knowles v. Beverly Enters.Fla., Inc.,
 
 898 So.2d 1, 5 (Fla.2004). To determine intent, we first look to the statute’s plain meaning.
 
 Id.
 
 (quoting
 
 Moonlit Waters Apartments, Inc. v. Cauley,
 
 666 So.2d 898, 900 (Fla.1996)). If the statute is clear and unambiguous, there is no need to resort to the rules of statutory construction, and the statute should be given its plain meaning.
 
 Id.
 
 (quoting
 
 Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984));
 
 cf. Murray v. Manner Health,
 
 994 So.2d 1051, 1061 (Fla.2008) (explaining if statute is unclear or ambiguous, the court must resort to traditional rules of statutory construction to determine legislative intent).
 

 We agree thei'e is some indication that employee compensation information may not be confidential proprietary business information, as evidenced by the Legislature’s use of the phrase “unrelated to compensation” in sub-subsection (f). Our inquiry does not end by reading this subsection in isolation. Subsection (3) clearly and unambiguously indicates that confidential proprietary business information “includes, but is not limited to” the types of information listed in sub-subsections (a) through (f). The phrase “includes, but is not limited to” means information not described in sub-subsections (a) through (f) could be confidential business information.
 
 See State v. Hobbs,
 
 974 So.2d 1119, 1121 (Fla. 5th DCA 2008),
 
 aff'd sub nom.,
 
 999 So.2d 1025 (Fla.2008). In
 
 Hobbs,
 
 the court interpreted the phrase “include, but are not limited to.” The court’s interpretation is on point and instructive.
 

 The Fifth District in
 
 Hobbs
 
 construed section 92.565, Florida Statutes, which eliminates the
 
 corpus delicti
 
 precondition for the introduction of a confession in sexual abuse cases when the State is otherwise unable to prove the crime.
 
 See Hobbs,
 
 974 So.2d at 1120. Section 92.565 provides that factors relevant in determining whether the State is unable to show the existence of each element of a crime “include, but are not limited to” the fact that, when the crime was committed, the victim was “(a) Physically helpless, mentally incapacitated, or mentally defective ...; (b) Physically incapacitated due to age, infirmity, or any other cause; or (c) Less than 12 years of age.” § 92.565(2), Fla. Stat. The
 
 Hobbs
 
 court determined the phrase “include, but are not limited to” was plain, unambiguous, and thus not subject to the maxims of statutory construction.
 
 See Hobbs,
 
 974 So.2d at 1121-22 (citing
 
 Kelly v. State,
 
 946 So.2d 591, 593-98 (Fla. 1st DCA 2006) (Thomas J., dissenting)). The court held that the list enumerated in section 92.565(2) was a list of factors a trial court could consider, but that the list was not exhaustive.
 
 See id.
 
 Likewise, we hold that the categories listed in section 366.093(3)(a)-(f), Florida Statutes, are not exhaustive, as evidenced by the Legislature’s use of the phrase “includes, but is not limited to.” The Commission may consider whether information
 
 *866
 
 not expressly listed in sub-subseetions (a)~ (f) should be classified as confidential.
 

 In addition, any ambiguity created by the implication of “unrelated to” is remedied by reading sub-subsection (f)
 
 in pari materia
 
 with the rest of subsection (3).
 
 See generally Borden v. E.-European Ins. Co.,
 
 921 So.2d
 
 587,
 
 595 (Fla.2006) (rejecting interpretation of statutory subsection as a freestanding provision because all parts of a statute must be read together to achieve consistent whole). Sub-subsection (f) cannot be read in a vacuum; it must be considered in conjunction with the rest of subsection (3).
 
 See Dep’t of Highway Safety & Motor Vehicles v. Rife,
 
 950 So.2d 1288, 1289-90 (Fla. 5th DCA 2007) (holding trial court erred by applying specific definition where more general definition within the same subsection applied).
 

 In sum, the Commission clearly erred by refusing to consider whether the compensation information fell within any of the other listed examples of proprietary confidential business information in subsections (3)(a) through (3)(e), and by failing to consider whether the information otherwise fell within the definition of proprietary confidential business information in subsection (3).
 

 C. Application
 

 Progress Energy and Florida Power put forth uncontradicted evidence at the hearing that they complied with the general requirements in section 366.093(3) and that their compensation information warranted confidential classification under subsection (3)(e) because disclosing the information would impair their competitive interests. According to the companies’ affidavits and testimony, such information is kept strictly confidential to prevent other utility companies from stealing their employees. The utility companies were also concerned about morale and infighting among employees who have the same position but varying wages. The utility companies argued that higher wages would ultimately result in higher rates for consumers. Thus, the Commission should have granted the motions for confidentiality under section 366.093(3)(e), Florida Statutes.
 

 D. Right to Privacy
 

 We decline to address arguments made by Petitioners under Article I, section 23 of the Florida Constitution. Petitioners’ only argument under this claim is that disclosure of their compensation information to the public under Florida’s Public Records Law would violate their constitutional right to privacy. By reversing the Commission’s orders, and by ordering the Commission to keep Petitioners’ compensation information confidential, the Petitioners’ constitutional arguments have been rendered moot.
 
 See State v. Mozo,
 
 655 So.2d 1115, 1117 (Fla.1995) (adhering to the settled principle that courts should endeavor to implement legislative intent of statutes and avoid constitutional issues).
 

 Conclusion
 

 We reverse the Commission’s orders denying Petitioners’ motions to protect their employee compensation information, and order the Commission to keep the records confidential until such time as they are no longer needed, in accordance with section 366.093, Florida Statutes.
 

 LEWIS and WETHERELL, JJ., concur.
 

 [1]
 

 . At oral argument, the parties informed the court that the Commission has ruled on the merits of Progress Energy’s and Florida Power’s requests for rale increases, but lias not issued a final order.