WETHERELL, J.,
concurring.
The Florida Board of Professional Engineers (Board) filed a petition under section 120.68(1), Florida Statutes, seeking review of a non-final order entered in a pending rule challenge proceeding. The order denied the Board’s motion to quash a subpoena issued to a Board member who served on the probable cause panel in a prior disciplinary proceeding concerning Respondent’s professional engineer license and who, according to Respondent, is expected to testify that “as a Probable Cause Panel member, he is applying a ‘per se *1011 negligence’ standard based on the Florida Building Code as grounds for charging ‘negligence in the practice of engineering.’ ”
To obtain relief on its petition, the Board must establish more than mere legal error; it must establish that the order “depart[s] from the essential requirements of law and cause[s] material injury that cannot be remedied on appeal” from the final order. Fla. Power & Light Co. v. Pub. Serv. Comm’n, 31 So.3d 860, 863 (Fla. 1st DCA 2010) (citing Charlotte County v. General Development Utilities, Inc., 653 So.2d 1081, 1084 (Fla. 1st DCA 1995), in which the court observed that the scope of review of a non-final order under section 120.68(1) is “analogous to and no broader than the right of review by common law certiorari”); and cf. Williams v. Oken, 62 So.3d 1129, 1133 (Fla.2011) (explaining that certiorari is an extraordinary remedy intended to allow a court to “reach down and halt a miscarriage of justice where no other remedy exists” and that it was “never intended to redress mere legal error”). Because the Board did not meet this high standard, I agree that its petition must be denied.
Having said that, I fail to see how the testimony of a single Board member concerning his application of the rule challenged by Respondent has any bearing on the question of whether the rule is facially invalid, cf. Hasper v. Dep’t of Admin., 459 So.2d 398 (Fla. 1st DCA 1984) (explaining that an agency’s alleged wrongful or erroneous application of a rule does not invalidate the rule and is not the proper focus rule challenge proceeding because the remedy for an erroneous application of the rule is a proceeding under section 120.57, Florida Statutes), or on Respondent’s allegations that the Board’s application and interpretation of its rules in the probable cause process constitute unadopted rules. Cf. Dep’t of Fin. Servs. v. Capital Collateral Reg’l Counsel-Middle Region, 969 So.2d 527, 531 (Fla. 1st DCA 2007) (noting that agencies routinely engage in investigations to determine whether a licensee has violated the law and explaining that “merely conducting and reporting on an investigation does not amount to promulgating a rule which can be preemptively challenged [as an unadopted rule] prior to any attempt by an agency at enforcement”); Envtl. Trust v. Dep’t of Envtl. Prot., 714 So.2d 493, 498 (Fla. 1st DCA 1998) (“An agency statement explaining how an existing rule of general applicability will be applied in a particular set of facts is not itself a rule.” ). Nevertheless, because it does not appear to me that the Board member is being subpoenaed to testify regarding his decision-making process in any particular case, I am not persuaded that the Board will suffer irreparable harm if the Board member is required to appear and testify at the final hearing in this case. Additionally, I am confident that the learned Administrative Law Judge will not allow Respondent to inquire of the Board member regarding irrelevant or confidential matters related to the probable cause process or otherwise allow this rule challenge proceeding to devolve into an improper, proeedurally barred collateral attack on the final order in Respondent’s disciplinary case. Cf. Dep’t of Health & Rehab. Servs. v. Barr, 359 So.2d 503, 505 (Fla. 1st DCA 1978) (explaining that a rule challenge proceeding may not be used to obtain collateral review of final agency action under section 120.57); United Wisconsin Life Ins. Co. v. Dep’t of Ins., 831 So.2d 239, 240 (Fla. 1st DCA 2002) (explaining that there is no right to pursue a separate challenge to an alleged nonrule policy where an adequate remedy existed through a section 120.57 proceeding). Accordingly, although I do not necessarily agree with the Administrative Law Judge’s *1012 ruling on the Board’s motion to quash subpoena, I concur in the disposition of this case for the reasons stated above.