Nancy Kelley Wittenberg Secretary, Department of Professional Regulation Tallahassee
QUESTION:
Does the Government in the Sunshine Law apply to meetings held between the Office of examination Services of the Department of Professional Regulation and committees of regulatory boards or entire boards, established within the department, when discussions of specific examination items are to occur?
SUMMARY:
Meetings held between the Office of Examination Services of the Department of Professional Regulation and committees of the several regulatory boards or entire boards within the department, at which discussions of specific examination items (or any matter upon which foreseeable action might be taken) are to occur, are subject to the requirements of the Government in the Sunshine Law, s. 286.011, F. S.
Your inquiry notes that the Department of Professional Regulation administers licensing examinations for the various professions which are subject to regulation under ch. 455, F. S. See s.455.217. You further note that, in order to properly test the areas of competency required in the performance of each profession, the Office of Examination Services needs to consult and meet with committees of board members and sometimes with an entire board. Section 455.217(1)(a). Thus, you inquire whether it is legally permissible for such meetings to be held `out of the sunshine' when discussions of specific examination items will occur. Additionally, you urge, citing ss. 455.203(6), 455.217, and455.229, that the department's duties of preparation and administration of all examinations for all boards within the department would seem to indicate that the department has the additional, implied duties of assuring confidentiality of examination questions and maintaining examination security.
Section 286.011, F. S., the `Government in the Sunshine Law' provides in pertinent part:
 (1) All meetings of any board or commission of any state agency or authority . . . except as otherwise provided in the Constitution at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
The Florida Supreme Court has consistently held that s. 286.011
binds every board or commission of the state over which it has dominion or control. Times Publishing Co. v. Williams,222 So.2d 470 (2 D.C.A. Fla., 1969). It is apparent that boards established within the Department of Professional Regulation are boards over which the Legislature has dominion and control. See part II, ch. 455, and specifically s. 455.207, which addresses `meetings' of boards which the departments. See also s. 20.30(4), F. S. (providing for establishment of regulatory boards within the department).
Moreover, this office has frequently opined that such boards are subject to the Sunshine Law. See, e.g., AGO 076-225 (concluding that the Board of Accountancy is subject to s. 286.011, F. S.); AGO 074-84 (concluding that the Board of Dentistry is subject to s. 286.011); and AGO 072-400 (concluding that regulatory boards under the Department of Professional Regulation are subject to the Sunshine Law).
The state courts have held that all meetings of two or moremembers of a board or commission subject to the act, at which these members discuss matters upon which foreseenable action might be taken by the board or commission of which they are members, must be open to the public. City of Miami Beach v. Berns,245 So.2d 38 (Fla. 1971), and Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969). To date, the Florida Supreme Court has not recognized any exception to s. 286.011, F. S., for meetings at which otherwise privileged or confidential matters are to be discussed. Attorney General Opinion 080-78; butsee Marston v. Gainesville Sun Publishing Co., 341 So.2d 783 (1 D.C.A. Fla., 1976), cert. denied, 352 So.2d 171 (Fla. 1977); cf. s. 447.605, F. S., exempting certain discussions between the chief executive officer of a public employer and the employer or its legislative body from s. 286.011, F. S., but subjecting collective bargaining negotiations between such executive officer and the bargaining agent of a public employees' organization to the requirements of the Sunshine Law. Your letter states that your office is not aware of any statutory provision, in ch. 455, F. S., or in any of the specific chapters relating to particular boards, which exempts any of the above-described board proceedings from the requirements of s. 286.011, nor has my research revealed any such exemption. Section 455.203(6) does not purport to make any such exemption from the requirements of s. 286.011, nor do the provisions of s. 455.217 or s. 455.229. Until legislatively prescribed otherwise, no such exemptions exist, and this office is without the requisite authority to find by implication or declare any such exemption. Section 455.229 does provide for a partial exemption from the Public Records Law for certain informationrequired by the department of an applicant for a licensure examination, but no exemption from the requirements of s. 286.011
is prescribed by the Legislature. The exception or proviso contained in s. 455.229 is to be strictly construed, and no others may be implied. Such exception therefore applies only to the Public Records Law and in no way effects an exception or exemption from the Sunshine Law, s. 286.011. See AGO 080-78 and authorities cited therein. Parenthetically, examination questions and answer sheets of the examinations administered or given by a governmental agency for the purpose of licensure or certification are exempted from the provisions of s. 119.07(1) by s. 119.07(3)(c), F. S.
Prepared by: Anne Curtis Terry, Assistant Attorney General