499 So.2d 855 (1986)
CAPELETTI BROTHERS, INC., Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
DEPARTMENT OF TRANSPORTATION, Appellant,
v.
CAPELETTI BROTHERS, INC., Appellee.
Nos. BL-217, BK-484.
District Court of Appeal of Florida, First District.
December 1, 1986.
Rehearing Denied January 15, 1987.
*856 Michael L. Rosen, John M. Alford and Harry R. Detwiler, of Holland & Knight, Tallahassee, and F. Alan Cummings, Tallahassee, for Capeletti Bros. Inc.
Maxine F. Ferguson, Larry Scott, and A.J. Spalla, Dept. of Transp., Tallahassee, for Dept. of Transp.
ZEHMER, Judge.
These are consolidated appeals arising out of a 1985 bid-letting procedure on a state highway project. In case BK-484, the Department of Transportation (DOT) appeals a final order of the Division of Administrative Hearings finding that Rule 14-78.03, Florida Administrative Code, constitutes an invalid exercise of delegated authority. In case BL-217, Capeletti Brothers, Inc. (Capeletti), seeks review of a final order of DOT rejecting Capeletti's bid on a state highway project. Finding no error, we affirm in both cases.
Pursuant to the alleged directive of section 339.0805, Florida Statutes (1983), chapter 14-78, Florida Administrative Code, contains procedures which facilitate the participation of women (WBEs) and socially and economically disadvantaged individuals (DBEs) in DOT contracts. Rule 14-78.03 authorizes DOT to establish WBE and DBE goals for each project. Each contract bidder must meet the established goals or demonstrate that it used good faith efforts to comply with the goals. DOT has three committees which review the contractors' bids to determine if the bids meet the DBE/WBE requirements and, if not, whether the contractor made a good faith effort to achieve these goals. The committee meetings are not open to the public. On July 26, 1985, DOT received bids on a highway project that was to be financed solely with state funds. Capeletti was the lowest bidder, but its bid was deemed nonresponsive because it failed to meet the WBE goal. DOT's Bureau of Contract Administration notified all bidders that Capeletti's bid had been rejected and that the next lowest bidder would be accepted.
Capeletti requested a formal administrative hearing pursuant to section 120.57, Florida Statutes (1983), to protest DOT's action, and also instituted a proceeding under section 120.56, Florida Statutes (1983), challenging the validity of rule 14-78.03. Formal hearings were held on both issues. Regarding the rule challenge, the hearing officer determined that (1) rule 14-78.03 implements section 339.0805, Florida Statutes (1983), insofar as it deals with DBEs, and that (2) rule 14-78.03, to the extent it pertains to WBE goals on nonfederal participation contracts, is an invalid exercise of delegated authority. DOT appeals this determination.
In his decision on the bid challenge, the hearing officer concluded that, since an invalid rule could not constitute the basis for striking Capeletti's bid, the contract for the project must be awarded to Capeletti as the lowest responsible bidder on the project. The recommended order was rejected by DOT in its final order dated February *857 10, 1986. DOT concluded that it was incorrect for the hearing officer to use the rule-challenge determination as precedent for deciding the bid process. Capeletti appeals this decision.
In case BK-484 DOT contends that rule 14-78.03[1] is a permissible administrative regulation which furthers the governmental interest in remedying past sex discrimination. DOT argues that, even though section 339.0805 does not specifically mention WBEs, such specificity is unnecessary because of the extensive legislative recognition of discrimination against women and the specific statutory programs to alleviate these past discriminatory practices.
Section 120.54(7), Florida Statutes (1985), requires that each administrative rule be accompanied by a "reference to the section or subsection of the Florida Statutes ... being implemented, interpreted, or made specific." Rule 14-78.03 refers to section 339.0805 as its implementing authority. This section specifically states that at least ten percent of the amounts expended from the State Transportation Trust Fund must go to disadvantaged groups as defined by 15 U.S.C. § 637(d), Federal Small Business Act. The parties stipulated at the hearing that WBEs do not fall within the category of socially and economically disadvantaged individuals defined by the federal act, nor does section 339.0805 itself specify that WBEs are included within this category. Although DOT points to numerous other statutory programs which indicate the state's policy of nondiscrimination against women, these statutes are not cited as statutory authority for the rule and do not give DOT the power to implement rule 14-78.03. The omission may be a legislative oversight; nevertheless, courts should not rewrite legislation to cure an omission by the legislature just because it seems to fit overall legislative policy. An administrative rule cannot be contrary to or enlarge a provision of a statute, no matter how admirable the goal may be. Deltona Corp. v. Mayo, 342 So.2d 510 (Fla. 1977); 4245 Corp. v. Division of Beverage, 371 So.2d 1032 (Fla. 1st DCA 1978). The hearing officer found that the federal regulations do not purport to require the recipients of federal funds to set WBE goals for projects that do not depend on federal money. Based on this finding and the absence of provisions pertaining to WBEs in section 339.0805, the hearing officer's ruling is affirmed.
In case BL-217 Capeletti first contends that DOT erred in rejecting the recommended order and declaring Capeletti's bid nonresponsive based on an invalid rule. We need not reach the merits of this issue. Section 120.53(5), Florida Statutes (1985), and rule 14-25, Florida Administrative Code, establish specific procedures to protest a bid solicitation requirement. The proper procedure for contesting the WBE goal for this specific project was by filing a bid solicitation protest within seventy-two hours of receipt of the project plans and specifications. Rule 14-25.04(1), Fla. Admin. Code. The evidence reflects that Capeletti had the plans and specifications at least two weeks prior to the bid-letting and failed to make any objection to the contract goals. The purpose of the bid solicitation protest provision is to allow an agency, in order to save expense to the bidders and to assure fair competition among them, to correct or clarify plans and specifications prior to accepting bids. A failure to file a timely protest constitutes a waiver of chapter 120 proceedings. Section 120.53(5), Florida Statutes (1985). See also Cianbro v. Jacksonville Transportation Authority, 473 So.2d 209 (Fla. 1st DCA 1985).
Next, Capeletti contends that DOT violated section 286.011, Florida Statutes (1985), Florida's Sunshine Law, by not opening its bid-review committees to the public. Specifically, Capeletti argues that since the committees screen the bidders by *858 recommending whether a bidder should be accepted or rejected, their activities constitute decision-making and therefore fall within the coverage of the Sunshine Law. We find no merit to this argument. Section 337.168 expressly exempts DOT's official cost estimates, identities of potential bidders, and the bid analysis and monitoring systems from the public disclosure requirements of section 119.07(1), the Public Records Act. It is inevitable that some discussion of these topics will occur at the review committee meetings. Evidence at the hearing established that the technical review committee and the contracts award committee did, in fact, discuss official cost estimates. The need for nondisclosure at this stage is obvious. Application of the Sunshine Law to the committee meetings would conflict with the specific exemption from the Public Records Act. When the Sunshine Law and a Public Records Act exemption conflict, the later, more specific expression of legislative will prevails. Marston v. Gainesville Sun Publishing Co., Inc., 341 So.2d 783 (Fla. 1st DCA 1976), cert. denied, 352 So.2d 171 (Fla. 1977). The exemptions in section 337.168 were enacted after the Sunshine Law and constitute the later, more specific expression of legislative will and must, therefore, be given effect. Capeletti's proposal that the meetings be open to the public except when project estimates are discussed is not only impractical, but contrary to law.
Finally, Capeletti contends that it exhibited a good faith effort to comply with rule 14-78.03 and therefore should have been awarded the contract. This issue is also without merit. There was competent, substantial evidence to support the findings of fact of the hearing officer and DOT that Capeletti did not meet the good faith efforts test. When reviewing section 120.57 proceedings in which an independent hearing officer and the agency agree on a dispositive fact, the appellate court's only task is to "assure that the affected party was protected by adherence to Chapter 120 processes [and] that the dispositive finding is supported by substantial competent evidence appropriate to the issue." Barker v. Board of Medical Examiners, 428 So.2d 720, 723 (Fla. 1st DCA 1983). Capeletti does not complain that the procedural requirements of chapter 120 were not followed.
AFFIRMED.
JOANOS, J., and CHARLES MINER, Associate Judge, concur.
NOTES
[1] The challenged rule reads in part "(1) [T]he Department shall establish overall DBE and WBE goals for its entire DBE and WBE program." The rule then sets out the factors to be considered by DOT in establishing these goals. Section 339.0805 is cited as statutory authority for the rule.