566 So.2d 1333 (1990)
The TRIBUNE COMPANY, Appellant,
v.
In re D.M.L., Patient, and Anclote Manor Hospital, Appellees.
No. 89-02118.
District Court of Appeal of Florida, Second District.
August 29, 1990.
Rehearing Denied September 28, 1990.
Greg D. Thomas and Carol Jean LoCicero of Holland & Knight, Tampa, for appellant.
Joseph S. Jackson and Joryn Jenkins of Taub & Williams, P.A., Tampa, for appellees.
SCHOONOVER, Chief Judge.
The appellant, The Tribune Company, challenges an order denying access to a Baker Act proceeding. We affirm.
The appellees are D.M.L., an individual, and Anclote Manor Hospital, a private treatment center for the mentally ill. Anclote Manor Hospital provides care to voluntary patients and to those involuntarily placed in its facility pursuant to the Florida Mental Health Act, also known as the Baker Act. See § 394.451 et seq., Fla. Stat. (1987).
On December 5, 1988, D.M.L. was involuntarily placed at Anclote Manor Hospital for a period not to exceed six months. On May 12, 1989, a petition was filed requesting an order authorizing continued involuntary placement. The petition, filed pursuant to section 394.467(1), Florida Statutes (1987), alleged that D.M.L. continued to meet the criteria for involuntary placement and requested the issuance of an order authorizing the hospital to retain the patient for a period not to exceed six months. The appellant moved for leave to intervene and filed a petition for access to the hearing on the petition for continued involuntary placement. After consulting with appointed counsel, D.M.L. objected to the appellant's presence at the hearing, and the hearing officer denied access to the hearing. The appellant timely requested review of the hearing officer's order.
We agree with the appellant's contention that the media and the public have standing to challenge the closure of a Baker Act hearing. Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988). See also Fla.R.App.P. 9.100(c) and 9.100(d). Furthermore, the party seeking *1334 the closure of a hearing, in this case the appellees D.M.L. and Anclote Manor Hospital as petitioner seeking an order of continued involuntary placement, has the burden at the trial level, and on appeal, to justify closure. Barron. We disagree, however, with the appellant's contention that the appellees did not carry their burden in this case and that the administrative hearing officer, therefore, erred in closing the hearing.
Civil and criminal court proceedings in Florida are public events, and we must adhere to the well established common law right of access to court proceedings and records. Closure of such proceedings or records should only occur in limited circumstances, for example, when, as in this case, it is necessary to comply with established public policy set forth by the legislature and to avoid substantial injury to D.M.L. See Barron.
Section 394.453(1)(a), Florida Statutes (1987), provides in part that it is the legislature's intention
[T]hat any involuntary treatment or examination be accomplished in a setting which is appropriate, most likely to facilitate proper care and treatment that would return the patient to the community as soon as possible, and the least restrictive of the patient's liberty; and that individual dignity and human rights be guaranteed to all persons admitted to mental health facilities.
In order to guarantee a patient his individual dignity and human rights, the act requires, among other things, that a person who has been involuntarily placed in a mental health facility be transported to that facility in an unmarked car, § 394.459(11), have the right to vote, § 394.459(7), be allowed to communicate with persons outside the facility, § 394.459(5), and have the right to receive treatment with full respect for his dignity and personal integrity, § 394.459(4).
To further insure that the legislature's intent is carried out, section 394.459(9) provides that a patient's clinical record is confidential and not a public record. It can only be released to certain persons for certain reasons, none of which apply in this case. It is this provision of the act which the appellees contend, and the hearing officer found, requires the closure of proceedings concerning the involuntary placement of patients. We agree. Unless waived, before a person can be involuntarily placed for treatment, or have his involuntary placement continued, a hearing is held where that person can be represented by counsel. The scope of the hearing is limited by section 394.467 which provides:
(1) CRITERIA.  A person may be involuntarily placed for treatment upon a finding of the court by clear and convincing evidence that:
(a) He is mentally ill and because of his mental illness:
1.a. He has refused voluntary placement for treatment after sufficient and conscientious explanation and disclosure of the purpose of placement for treatment; or
b. He is unable to determine for himself whether placement is necessary; and
2.a. He is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, he is likely to suffer from neglect or refuse to care for himself, and such neglect or refusal poses a real and present threat of substantial harm to his well-being; or
b. There is substantial likelihood that in the near future he will inflict serious bodily harm on himself or another person, as evidence by recent behavior causing, attempting, or threatening such harm; and
(b) All available less restrictive treatment alternatives which would offer an opportunity for improvement of his condition have been judged to be inappropriate.
The hearing is, therefore, for the limited purpose of determining if the patient is mentally ill and because of this illness needs to be involuntarily placed for the reasons set forth in section 394.467. In *1335 order to make this determination, it is necessary to consider all available information concerning the patient. All such information is required to be placed in the patient's clinical record pursuant to section 394.455(18) which provides:
"Clinical record" means all parts of the record required to be maintained and includes all medical records, progress notes, charts, admission and discharge data, and all other information recorded by a facility which pertains to the patient's hospitalization and treatment.
The clinical record is, therefore, an integral part of the hearing and any other evidence presented would at least be incidently connected to this confidential information. It would be impractical to close that part of a hearing referring to confidential information contained in a patient's clinical record and open the balance of the hearing when the entire hearing centers around the confidential records of a patient. See Capeletti Bros. v. Dep't of Transp., 499 So.2d 855 (Fla. 1st DCA 1986), rev. denied, 509 So.2d 1117 (Fla. 1987); Marston v. Gainesville Sun Publishing Co., 341 So.2d 783 (Fla. 1st DCA 1976), cert. denied, 352 So.2d 171 (Fla. 1977).
Accordingly, since all of the information required to determine if a patient meets the criteria for involuntary hospitalization, or continued hospitalization, must be placed in the patient's clinical record and that record is not a public record and cannot be released, the hearing officer properly complied with the public policy discussed hereinabove and the requirements of section 394.459(9) by closing the hearing which focused on that information.
Affirmed.
SCHEB and CAMPBELL, JJ., concur.