ALLEN, Judge.
The appellant challenges an order entered by the appellee Department of Health and Rehabilitative Services (HRS), dismissing the appellant’s bid protest as untimely. Because we conclude that the protest was timely filed in connection with HRS’s notice of intent to award the contract, we reverse the appealed order.
In dismissing the appellant’s protest, HRS distinguished a “contract award” protest from a “bid solicitation” protest. This distinction is reflected in Florida Administrative Code Rules 10-13.007 and 10-13.008. But the governing statute, section 120.53(5)(b), Florida Statutes (Supp.1992), authorizes this distinction only as to a bid solicitation protest which disputes the specifications in the bid solicitation. Such a challenge must be filed within a time limit which commences upon notice of the specifications. See § 120.-53(5)(b).
The appellant’s protest contested HRS’s authority to contract for certain services. The appellant had apparently responded to the bid solicitation without formal objection, and later filed its protest in connection with HRS’s notice of intent to award the contract. Although the asserted lack of authority might arguably also apply to the bid solicitation process, the protest challenged the intended contract award rather than any bid solicitation specifications. It was thus properly filed within the time allowed under section 120.53(5)(b), upon the appellant’s receipt of notice of HRS’s intended decision.
HRS argues that dismissal is consistent with this court’s decision in Capeletti Bros. v. Department of Transportation, 499 So.2d 855 (Fla. 1st DCA 1986), rev. denied, 509 So.2d 1117 (Fla.1987). In Capeletti this court deemed a protest untimely where a challenge to the agency’s authority to impose a specification goal was filed in connection with the notice of intent to award the contract. But unlike the present case, Capeletti did not involve a challenge to the agency’s ultimate *806 authority to award any such contract. Cape-letti therefore does not control the present case, which was timely filed as a challenge to the intended contract award.
The appealed order is reversed, and the cause remanded.
BOOTH and BARFIELD, JJ., concur.