Ms. Kimberly Tucker, General Counsel Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Ms. Tucker:
You ask substantially the following question:
Are meetings of the district case review committees at which confidential information is discussed exempt from the open meetings requirement of section 286.011, Florida Statutes?
In sum:
In the absence of an exemption from the Government in the Sunshine Law, section 286.011, Florida Statutes, meetings of the district case review committees are subject to the provisions of that statute.
You state that pursuant to Rule 10E-10.020, Florida Administrative Code, district case review committees are established to provide for uniform case review and approval of treatment for emotionally disturbed children and adolescents.[1] During the review of individual cases, information contained within the clinical files of patients is disseminated. Section 394.459(9), Florida Statutes, states that the clinical record of a patient is confidential and exempt from the provisions of section 119.07(1), Florida Statutes. The statute sets forth those persons or entities to whom the record may be released.
According to your letter, District 10 has renamed its district case review committee as the Multidisciplinary Review Committee (MRC). Although renamed, you state that the MRC performs the same duties and functions as the district case review committee. It is the responsibility of the committee
to provide for uniform case review and approval of residential treatment for emotionally disturbed children and adolescents and to ensure that residential services are approved only when those services are needed, and to ensure that they are the least restrictive and most beneficial treatment available. This committee will also assign a case manager to each child placed. . . .[2]
This office has been advised that case managers often present to the MRC psychiatric and psychological evaluations of a child and update the committee on the child's progress in treatment. Therapists treating the child may also be present and may inform the MRC of such treatment.
A question has therefore been raised as to whether the MRC meeting must be open to the public pursuant to s. 286.011, Florida Statutes, the Government in the Sunshine Law. You state that although there is no exemption from section 286.011, there appears to be a conflict between the requirements of that statute and the provisions of section 394.459(9), Florida Statutes, making a patient's clinical record confidential and exempt from s.119.07(1), Florida Statutes.
The Government in the Sunshine Law, section 286.011, Florida Statutes, requires that all meetings of a public board or commission at which official acts are taken be open to the public. The statute extends to the discussions and deliberations of, as well as formal action taken by, a public board or commission.[3]
The courts have held that even advisory boards, whose powers are limited to making recommendations to a public agency, are subject to section 286.011.[4]
Thus, a committee created by a public agency and charged with the responsibility of reviewing and approving residential treatment for emotionally disturbed children and adolescents when needed would appear to be subject to the same provisions as would a board or commission within the meaning of the Government in the Sunshine Law. The Supreme Court of Florida has held that in the absence of a statute exempting a meeting in which privileged material is discussed, section 286.011, Florida Statutes, should be construed as containing no exceptions.[5] Thus, this office has consistently stated that statutes providing for the confidentiality or exemption of records from chapter 119, Florida Statutes, do not by implication allow a public agency to close a meeting in which such records are discussed, in the absence of a specific exemption.[6]
Prior to 1991 several district courts, in reviewing specific exemptions providing for confidential or exempt material, held that certain proceedings could be closed when considering confidential material, held that certain proceedings could be closed when considering material.[7] However, the Legislature in 1991 amended section 119.07, Florida Statutes, to clarify its intent that
An exemption from [s. 119.07] does not imply an exemption from or exception to s. 286.011. The exemption from or exception to s.286.011 must be expressly provided.[8]
Accordingly, this office in Attorney General Opinion 91-45 stated that meetings of a district school board at which confidential student records are discussed are subject to the Government in the Sunshine Law in the absence of a statute exempting such meetings. Similarly, in Attorney General Opinion 91-75, this office concluded that a meeting of a school board to consider confidential information relating to the investigation of a complaint against a public school employee was open in the absence of a statute exempting such a meeting from section 286.011, Florida Statutes.
A number of statutory exemptions to the Sunshine Law have been enacted to apply to meetings, or portions of meetings, of public boards or commissions considering confidential records.[9] However, as you note, no exemption from section 286.011, Florida Statutes, for the MRC or district case review committees has been enacted.
Accordingly, I am of the opinion that in the absence of an exemption from the Government in the Sunshine Law, the meetings of the MRC or district case review committees are subject to the requirements of section 286.011, Florida Statutes. However, as the sole function of such committee meetings appears to be the consideration and review of confidential case files, you may wish to request the Legislature to readdress this issue to determine whether an exemption from the provisions of section 286.011, Florida Statutes, may be warranted.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 394.4781(2), Fla. Stat. (1993), which requires the Department of Health and Rehabilitative Services to provide "such amount as shall be set forth in the annual appropriations act as payment for part of the costs of residential care for psychotic or severely emotionally disturbed children" and to adopt rules to implement the provisions of the statute.
[2] Rule 10E-10.020(2), F.A.C.
[3] See, Times Publishing Company v. Williams, 222 So.2d 470, 473
(Fla. 2d DCA 1969) (entire decision-making process affected by Sunshine Law); Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969) (Sunshine Law applies to any gathering where two or more members of a public board or commission deal with some matter on which foreseeable action will be taken by that board or commission).
[4] See, e.g., Town of Palm Beach v. Gradison, 296 So.2d 473
(Fla. 1974).
[5] See, e.g., City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).
[6] See, e.g., Ops. Att'y Gen. Fla. 80-78 (1980), 80-99 (1980), 83-52, and 92-56 (1992).
[7] See, Marston v. Gainesville Sun Publishing Company, Inc.,341 So.2d 783 (Fla. 1st DCA 1976), cert. denied, 352 So.2d 171 (Fla. 1977); Capeletti Brothers, Inc. v. Department of Transportation,499 So.2d 855 (Fla. 1st DCA 1986), review denied, 509 So.2d 1117
(Fla. 1987); The Tribune Company v. D.M.L., 566 So.2d 1333 (Fla. 2d DCA 1990), review denied, 577 So.2d 1330 (Fla. 1991); Florida Society of Newspaper Editors, Inc. v. Florida Public Service Commission, 543 So.2d 1262 (Fla. 1st DCA 1989), review denied,551 So.2d 461 (Fla. 1989).
[8] Section 1, Ch. 91-219, Laws of Florida. While formerly this language was codified as s. 119.07(5), due to amendments to s.119.07 during the 1995 legislative session this language is now contained in s. 119.07(6), Fla. Stat. (1995).
[9] See, e.g., ss. 24.106(4)(b) (meetings of State Lottery Commission to discuss confidential materials closed); 106.25(6) (certain proceedings of Florida Elections Commission relating to violations of campaign finance laws closed).