Dear Mr. Wahlen:
On behalf of the School Board of Leon County, Florida, you have asked for my opinion on substantially the following questions:
1. Does section 1002.22(2)(d), Florida Statutes, create an exemption to the Government in the Sunshine Law?
2. If the answer to Question 1 is in the negative, may the school board comply with section 1002.22(2)(d), Florida Statutes, and the Government in the Sunshine Law by employing procedures in a public meeting to protect student record information and personally identifiable information from disclosure?
In sum:
1. Section 1002.22(2)(d), Florida Statutes, does not create an exemption to the Government in the Sunshine Law.
2. While this office will not comment on particular procedures for conducting meetings of the school board, the School Board of Leon County should be sensitive to confidential student records that may be reviewed during such a meeting and protect these records to the extent that is possible to protect the privacy of the student involved in this matter.
Section 1000.05, Florida Statutes, prohibits discrimination against students in the Florida K-20 education system. The statute provides as follows:
"Discrimination on the basis of race, ethnicity, national origin, gender, disability, or marital status against a student or an employee in the state system of public K-20 education is prohibited. No person in this state shall, on the basis of race, ethnicity, national origin, gender, disability, or marital status, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any public K-20 education program or activity, or in any employment conditions or practices, conducted by a public educational institution that receives or benefits from federal or state financial assistance."[1]
Your letter advises that earlier this year a parent filed a complaint of discrimination based on the disability of one of his children. The complaint alleged that a specific action by a named school official involving the student was motivated by the student's disability. The complaint was investigated in accordance with school board policy and a decision of no discrimination was rendered. That decision has been appealed to the Leon County School Board for review based on administrative policies of the board. Your questions are based on these facts, but because the information this office has been given about this incident is not detailed or specific, my response can only be general in nature.
Question One
The "Florida K-20 Education Code" contains a number of provisions relating to student records. Section 1002.20, Florida Statutes, describing K-12 student and parent rights, provides for student records as follows:
 "(13) STUDENT RECORDS.—
 (a) Parent rights.-Parents have rights regarding the student records of their children, including right of access, right of waiver of access, right to challenge and hearing, and right of privacy, in accordance with the provisions of s. 1002.22.
 (b) Student rights.-In accordance with the provisions of s. 1008.386, a student is not required to provide his or her social security number as a condition for enrollment or graduation."
Section 1002.22(2), Florida Statutes 2009, states:
 "RIGHTS OF STUDENTS AND PARENTS.-The rights of students and their parents with respect to education records created, maintained, or used by public educational institutions and agencies shall be protected in accordance with the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. s. 1232g, the implementing regulations issued pursuant thereto, and this section. In order to maintain the eligibility of public educational institutions and agencies to receive federal funds and participate in federal programs, the State Board of Education shall comply with the FERPA after the board has evaluated and determined that the FERPA is consistent with the following principles:
 (a) Students and their parents shall have the right to access their education records, including the right to inspect and review those records.
 (b) Students and their parents shall have the right to waive their access to their education records in certain circumstances.
 (c) Students and their parents shall have the right to challenge the content of education records in order to ensure that the records are not inaccurate, misleading, or otherwise a violation of privacy or other rights.
 (d) Students and their parents shall have the right of privacy with respect to such records and reports."
This statutory language is the result of legislative changes made during the 2009 legislative session.[2] The bills making these changes deleted the existing public records exemption in section 1002.22, Florida Statutes 2008, and created a public records exemption for educational records which tracks the federal FERPA and its implementing regulations for public K-12 students and public post-secondary students.[3]
Further, section 1002.221, Florida Statutes, as amended in 2009, provides as follows with regard to K-12 education records:
 "(1) Education records, as defined in the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. s. 1232g, and the federal regulations issued pursuant thereto, are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution.
 (2) An agency, as defined in s. 1002.22(1)(a), or a public school, center, institution, or other entity that is part of Florida's education system under s. 1000.04(1), (3), or (4), may not release a student's education records without the written consent of the student or parent to any individual, agency, or organization, except in accordance with and as permitted by the FERPA. Education records released by an agency, as defined in s. 1002.22(1)(a), or by a public school, center, institution, or other entity that is part of Florida's education system under s. 1000.04(1), (3), or (4), to the Auditor General or the Office of Program Policy Analysis and Government Accountability, which are necessary for such agencies to perform their official duties and responsibilities, shall be used and maintained by the Auditor General and the Office of Program Policy Analysis and Government Accountability in accordance with the FERPA.
 (3) This section is subject to the Open Government Sunset Review Act in accordance with s. 119.15 and shall stand repealed on October 2, 2014, unless reviewed and saved from repeal through reenactment by the Legislature."[4]
You have not asked about the confidentiality of student records which may be disclosed during an administrative hearing although recent Florida case law provides some direction in this regard. For example, in National Collegiate Athletic Association (NCAA)v. Associated Press, [5] the First District Court of Appeal concluded that records pertaining to allegations of misconduct by a university athletic department and only tangentially relating to the students involved did not contain information directly relating to students such that they would qualify as education records subject to FERPA. As that court noted, "[f]ederal courts have concluded that FERPA does not prohibit the release of records so long as the student's identifying information is redacted."[6] In the NCAA case, the names of all students were redacted from the transcript and response, and the court concluded that these documents did not disclose education records as defined in FERPA which would be confidential and exempt from disclosure under Florida's public records law. Rather, your question relates to whether the confidentiality provisions of Florida law for student educational records impact the discussion of such information at an administrative hearing before the Leon County School Board.
The Government in the Sunshine Law, section 286.011, Florida Statutes, requires that all meetings of a public board or commission at which official acts are taken be open to the public. The statute extends to the discussions and deliberations of, as well as formal action taken by, a public board or commission.[7] There is no question that the Government in the Sunshine Law applies to school board meetings.[8]
The Florida Supreme Court and this office have stated that, in the absence of a statutory exemption, at a meeting in which privileged material is discussed, the Government in the Sunshine Law should be read to contain no exceptions.[9] Amendments to the Public Records Law were made by the Legislature in 1991 following decisions of several district courts that held certain proceedings could be closed when considering confidential material.[10]
Section 119.07(7), Florida Statutes, clearly provides that an exemption from the Public Records Law "does not imply an exemption from s. 286.011. The exemption from s. 286.011 must be expressly provided." Thus, exemptions from the Public Records Law do not, by implication, allow a public agency to close a meeting where exempt records are to be discussed in the absence of a specific exemption from the Sunshine Law.[11]
This office, in an opinion request with confidentiality concerns similar to those you have raised, concluded that a committee created by a public agency and charged with the responsibility of reviewing and approving residential treatment for emotionally disturbed children and adolescents would appear to be subject to the requirements of section 286.011, Florida Statutes. The committee involved in Attorney General Opinion 95-65 was established to provide for uniform case review and approval of treatment for emotionally disturbed children and adolescents. During the review of individual cases, information contained within the clinical files of patients was disseminated. Provisions of the Florida Statutes stated that the clinical record of a patient was confidential and exempt from the provisions of the Public Records Law. This office was advised that case managers often presented psychiatric and psychological evaluations of children and updated the committee on individual children's progress in treatment.
The opinion notes that the Legislature has crafted a number of statutory exemptions to the Sunshine Law for meetings or portions of meetings at which confidential records must be considered.[12]
However, no exemption from section 286.011, Florida Statutes, was found for these committees. In the absence of any such legislative determination that an exemption is necessary, the opinion concludes that these meetings at which confidential records were discussed were subject to the Government in the Sunshine Law.
In several opinions directed specifically to school boards, this office has concluded that, in the absence of any statutory exemption, meetings of district school boards at which confidential student records are discussed are subject to the Government in the Sunshine Law. In Attorney General Opinion 91-45, a school board attorney asked whether meetings of a district school board at which confidential material was to be discussed, such as a student expulsion hearing conducted by the school board, was subject to the Government in the Sunshine Law. The opinion notes that section 228.093(3)(d), Florida Statutes (1990 Supp.), [13] provided that each student shall have a right of privacy with respect to the educational records kept on him or her and that written consent of the pupil's parent or guardian, or the pupil, was required to permit the release of such records.
As is discussed in Attorney General Opinion 91-45, the Government in the Sunshine Law requires that the meetings of public boards or commissions shall be open to the public. The fact that a board or commission is acting in a quasi-judicial capacity does not remove it from the reach of section 286.011, Florida Statutes. Thus, inCanney v. Board of Public Instruction of AlachuaCounty, [14] the Florida Supreme Court held that a school board meeting to consider the suspension of a student was subject to the Sunshine Law even though the board was acting in a "quasi-judicial" capacity. Later that same year, in Attorney General Opinion 91-75, this office relied on this reasoning to conclude that a meeting of a school board to consider confidential information relating to the investigation of a complaint against a public school employee was open in the absence of a statute exempting such a meeting from section 286.011, Florida Statutes.
Section 286.011, Florida Statutes, the Government in the Sunshine Law, requires that the meetings of public boards or commissions be open to the public. The fact that a board or commission is acting in a quasi-judicial capacity does not remove it from the ambit of section 286.011, Florida Statutes. Nothing in the current Florida Statutes provides an exemption from the Sunshine Law for school board meetings to discuss a report of discrimination against a school official. Thus, it is my opinion that section 1002.22(2)(d), Florida Statutes, does not create an exemption to the Government in the Sunshine Law that would allow the school board to discuss a claim of discrimination in a closed meeting.
Question Two
A meeting of the Leon County School Board to consider an appeal from a determination of a complaint against a school employee is a public meeting. As discussed in my response to Question One, a public meeting may not be closed based on the confidential nature of the material to be discussed at such a meeting. I am not aware of any statutory authority for taking the measures you have suggested to protect the identity of the student involved in a discrimination complaint. While this office would caution the School Board to be mindful of the sensitivity of the information to be discussed, this office will not suggest or pass on the validity of procedures for conducting these meetings in a manner that will not breach any confidentiality.
This office would strongly suggest that the Legislature revisit this issue to determine whether an exemption from the provisions of section 286.011, Florida Statutes, is warranted to protect the privacy of student information.[15] Section 1002.22(2)(d), Florida Statutes, makes student education records confidential and exempt and conversations with attorneys in the U.S. Department of Education relating to student privacy under the Family Educational Rights and Privacy Act suggest that the protections for student identifying information are broad. Any suggestion that Florida law would not recognize the sensitivity of this information could jeopardize the availability of federal funds to Florida educational agencies and institutions.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] Section 1000.05(2)(a), Fla. Stat.
[2] See House Bills (HBs) 7117 and 7119.
[3] See House of Representatives Staff Analysis, HBs 7117 and 7119, "Summary Analysis", dated 4/27/2009 and 4/1/2009 respectively.
[4] See Ch. 2009-239, Laws of Fla.
[5] 18 So. 3d 1201 (Fla. 1st DCA 2009).
[6] Id. at 1211, citing United States v. MiamiUniversity, 294 F.3d 797 (6th Cir. 2002); Ragusa v. MalvernUnion Free School District, 549 F.Supp.2d 288 (E.D.N.Y. 2008).And see, e.g., Osborn v. Board of Regents of University ofWisconsin System, 647 N.W.2d 158, 168 n. 11 (Wis. 2002) ("once personally identifiable information is deleted, by definition, a record is no longer an education record since it is no longer directly related to a student"); Unincorporated OperatingDivision of Indiana Newspapers, Inc. v. Trustees of IndianaUniversity, 787 N.E.2d 891 (Ind. App. 2003) (materials are not "education records" if student identifying information has been redacted); see also Board of Trustees, Cut BankPublic School. v. Cut Bank Pioneer Press,160 P.3d 482 (Mont. 2007) (FERPA does not prohibit disclosure of records that do not reveal personally identifying information.)
[7] See Times Publishing Company v. Williams,222 So. 2d 470, 473 (Fla. 2d DCA 1969) (entire decision-making process affected by Sunshine Law); Board of Public Instruction ofBroward County v. Doran, 224 So. 2d 693 (Fla. 1969) (Sunshine Law applies to any gathering where two or more members of a public board or commission deal with some matter on which foreseeable action will be taken by that board or commission).
[8] Board of Public Instruction of Broward County v. Doran,supra; Ops. Att'y Gen. Fla. 91-45 (1991) and 91-75 (1991).
[9] See, e.g., City of Miami Beach v. Berns,245 So. 2d 38 (Fla. 1971), and Ops. Att'y Gen. Fla. 80-78 (1980), 80-99 (1980), 83-52 (1983), 92-56 (1992), 95-65 (1995), and 04-44 (2004).
[10] See, e.g., The Tribune Company v. D.M.L.,566 So. 2d 1333 (Fla. 2d DCA 1990), rev. denied,577 So. 2d 1330 (Fla. 1991); Florida Society of Newspaper Editors,Inc. v. Florida Public Service Commission,543 So.2d 1262 (Fla. 1st DCA 1989), rev. denied,551 So. 2d 461 (Fla. 1989); Capeletti Brothers, Inc., v.Department of Transportation, 499 So. 2d 855 (Fla. 1st DCA 1986),rev. denied, 509 So. 2d 1117 (Fla. 1987); and Marston v.Gainesville Sun Publishing Company, Inc.,341 So.2d 783 (Fla. 1st DCA 1976), cert. denied,352 So. 2d 171 (Fla. 1977).
[11] See Ops. Att'y Gen. Fla. 04-44 (2004) (PRIDE), 95-65 (1995) (district case review committee), 93-41 (1993) (county criminal justice commission), 91-88 (1991) (pension board) and 91-75 (1991) (school board). And see Op. Att'y Gen. Fla. 05-03 (2005) (confidentiality provisions of cited federal law do not authorize child abuse death review committee to close its meetings although the committee should take steps to ensure that identifying information is not disclosed at such meetings).
[12] See, e.g., ss. 24.106(4)(b), Fla. Stat. 1995 (meetings of State Lottery Commission to discuss confidential materials closed); 106.25(6), Fla. Stat. 1995 (certain proceedings of Florida Elections Commission relating to violations of campaign finance laws closed).
[13] Identical language appears in s. 1002.22(3)(d), Fla. Stat. 2008, which was amended in 2009 to contain the current language.
[14] 278 So. 2d 260 (Fla. 1973).
[15] Cf. s. 1002.22(3)(c), Fla. Stat. 2008, which provided that "[u]pon the request of the parent or student, the hearing [to challenge the content of any record or report which is alleged to be inaccurate, misleading, or otherwise in violation of the privacy of the student] shall be exempt from the requirements of s. 286.011." This language does not exist in the current version of section 1002.22, Fla. Stat.