DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COREY LAKE,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D16-614

[March 30, 2016]

Petition for writ of certiorari to the Seventeenth Judicial Circuit, Broward County; Jack B. Tuter, Judge; L.T. Case No. 12-008633-JR10A.

Howard Finkelstein, Public Defender, and Donald J. Cannarozzi, Assistant Public Defender, Fort Lauderdale, for appellant.

No brief filed for appellee.

Lynn D. Carrillo, Hialeah, Susan H. April, Avery A. Dial and Kevin P. Yombor of Fowler White Burnett, P.A., Fort Lauderdale, for Intervenor, WTVJ-NBC6.

GROSS, J.

Corey Lake petitions for review of a trial court order that refused to close a Jimmy Ryce civil commitment review proceeding to the public and a local TV station.[1] We deny the petition because the trial court did not depart from the essential requirements of law.

Lake claims that his annual review trial, a civil proceeding, should be closed because the Treatment Progress Report from the commitment facility, which is confidential pursuant to section 394.921, Florida Statutes (2015), will necessarily be discussed at the hearing. Lake cannot overcome the strong presumption of openness in civil proceedings and the public policy set forth in

---

[1]Lake sought review under Florida Rule of Appellate Procedure 9.100(d), which provides procedures for review of orders excluding or granting access to the press or public to proceedings or judicial branch records. "Review is by way of a petition for writ of certiorari under Florida Rule of Appellate Procedure 9.100(d)(1). . . ." *Times Pub. Co. v. State*, 903 So. 2d 322, 324 (Fla. 2d DCA 2005).

section 394.921 does not support closure of review proceedings. Also, Lake does not demonstrate a privacy interest in the treatment records so significant that it would justify closure.

## Background

Lake pleaded guilty to offenses he committed in 1995, including sexual battery of a child under parental or custodial authority. He was sentenced to concurrent 13-year terms of imprisonment. Before his release from prison, the State initiated proceedings to have Lake civilly committed as a sexually violent predator under the Jimmy Ryce Act, Part V of Chapter 394, Florida Statutes. After a jury trial in 2013, the trial court committed Lake. This court affirmed on direct appeal without opinion. *Lake v. State,* No. 4D13-3346, 2016 WL 362916 (Fla. 4th DCA Jan. 28, 2016) (table).

In January 2016, the commitment center submitted its annual Treatment Progress Report under section 394.918(1), Florida Statutes (2015). The report recommended that Lake continue treatment. Lake petitioned for release over the objection of the facility director. *See* § 394.918(2). The parties stipulated that, under section 394.918(3), there was a sufficient basis to hold a trial on Lake's petition for release. A bench trial was scheduled under section 394.918(4) for January 27, 2016.

When Lake's attorney learned that a local TV station intended to cover the trial, he moved for a protective order to prohibit any outside parties from being present in the courtroom. The motion relied on section 394.921, arguing that it protected Lake from disclosure of treatment records.

The trial court allowed WTVJ-NBC6 to intervene and respond to Lake's motion for protective order. After a hearing, the circuit court denied the motion for protective order. This petition timely followed.

## Analysis

To be entitled to certiorari relief, a petitioner must establish three elements: "'(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.'" *Nucci v. Target Corp.,* 162 So. 3d 146, 151 (Fla. 4th DCA 2015) (quoting *Williams v. Oken,* 62 So. 3d 1129, 1132 (Fla. 2011)). To merit such relief, the departure from the essential requirements of law must be "a violation of [a] clearly established principle of law resulting in a miscarriage of justice." *Id.* (quoting *Williams,* 62 So. 3d at 1133). Certiorari relief is reserved for serious legal errors. *Id.*

- 2 -

Court proceedings are strongly presumed to be open to the public. *Barron v. Fla. Freedom Newspapers, Inc.*, 531 So. 2d 113, 116 (Fla. 1988). The burden of establishing an exception to this general rule always remains on the party seeking closure. *Id.* at 118. *Barron* explains the narrow situations that might justify closure of court proceedings in civil cases:

> [C]losure of court proceedings or records should occur only when necessary (a) **to comply with established public policy set forth in the constitution, statutes, rules, or case law**; (b) to protect trade secrets; (c) to protect a compelling governmental interest [e.g., national security; confidential informants]; (d) to obtain evidence to properly determine legal issues in a case; (e) to avoid substantial injury to innocent third parties [e.g., to protect young witnesses from offensive testimony; to protect children in a divorce]; or (f) **to avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of civil proceeding sought to be closed**. We find that, under appropriate circumstances, the constitutional right of privacy established in Florida by the adoption of article I, section 23, could form a constitutional basis for closure under (e) or (f).

*Barron*, 531 So. 2d at 118 (emphasis added) (material in brackets in the original).

The Florida Supreme Court emphasized that "the presumption of openness continues through the appellate review process, and the party seeking closure continues to have the burden to justify closure." *Id.* "[B]efore entering a closure order, the trial court shall determine that no reasonable alternative is available to accomplish the desired result, and, if none exists, the trial court must use the least restrictive closure necessary to accomplish its purpose." *Id.*

Here, the potential introduction of treatment records into evidence or the trial discussion of their contents does not require closure of a public proceeding. Section 394.921 mandates that the records themselves be maintained under seal unless ordered opened by the judge. This limited privacy interest does not require that the press and public be barred from any discussion of treatment or treatment records during a review hearing.

Section 394.921(1) provides for release of otherwise confidential medical records to certain parties in Jimmy Ryce proceedings. Subsection (2) deals with records that are submitted to the court or admitted into evidence, such as the Treatment Progress Report at issue. Importantly, the statute expressly permits the court to open any records admitted under the statute. The statute provides:

394.921 Release of records to agencies, multidisciplinary teams, and state attorney.—

(1) In order to protect the public, relevant information and records that are otherwise confidential or privileged shall be released to the agency with jurisdiction, to a multidisciplinary team, or to the state attorney for the purpose of meeting the notice requirements of this part and determining whether a person is or continues to be a sexually violent predator. A person, agency, or entity receiving information under this section which is confidential and exempt from the provisions of s. 119.07(1) must maintain the confidentiality of that information. Such information does not lose its confidential status due to its release under this section.

(2) Psychological or psychiatric reports, drug and alcohol reports, treatment records, medical records, or victim impact statements that have been submitted to the court or admitted into evidence under this part shall be part of the record but shall be sealed and **may be opened only pursuant to a court order.**

§ 394.921(emphasis added).

Although the judge has not ordered the opening of the treatment report at issue, the statutory power of the judge to do so demonstrates that the legislature has not provided for absolute confidentiality of the treatment records of sexual predators. Limited access to certain records may not be expanded into an absolute privacy right in the information contained in the records. The public has a great interest in the circumstances that justify the release of one who has been designated a sexually violent predator. Under the test announced in *Barron*, closure can be ordered when necessary "to comply with established public policy set forth in the constitution, statutes, rules, or case law." *Barron*, 531 So. 2d at 118. Lake establishes no such statutory public policy in this case.

To the extent Lake relies upon his right to privacy, as a sexually violent predator committed for treatment, Lake does not have the same expectation of privacy of an ordinary citizen in his medical records. The treatment center's report is mandated by statute. Lake has chosen to challenge the recommendation that he continue treatment and to have a trial on the issue. Lake's limited privacy interest in the treatment record is dwarfed by the strong presumption of openness in court proceedings. Nothing in Chapter 394 suggests that commitment or review proceedings be closed to the public.

Lake relies on *Tribune Co. v. D.M.L.*, 566 So. 2d 1333 (Fla. 2d DCA 1990), but that case concerned a hearing to continue involuntary civil commitment of a mental health patient under the Baker Act. Unlike the situation here, the decision to close the proceedings in *D.M.L.* was in furtherance of a clear public policy that is set forth by the statement of legislative intent in the Baker Act:

> It is intended that . . . any involuntary treatment or examination be accomplished in a setting which is clinically appropriate and most likely to facilitate the person's return to the community as soon as possible; and that individual dignity and human rights be guaranteed to all persons who are admitted to mental health facilities or who are being held under s. 394.463.

§ 394.453, Fla. Stat. (2015); *D.M.L.*, 566 So. 2d at 1334 (quoting the 1987 version of this section, which contains similar language). As discussed in *D.M.L.*, other provisions of the Baker Act are designed to protect the privacy rights of mental health patients, and a patient's clinical record is expressly made confidential and not a public record. § 394.4615(1), Fla. Stat. (2015). Release of such records is allowed only in very limited circumstances circumscribed by the statute. *See* § 394.4615(2)-(6).

This case concerns a sexually violent predator, and the legislature has distinguished such individuals from those subject to the Baker Act, stating that the Baker Act was inadequate to deal with them:

> The Legislature finds that a small but extremely dangerous number of sexually violent predators exist who do not have a mental disease or defect that renders them appropriate for involuntary treatment under the Baker Act, part I of this chapter, which is intended to provide short-term treatment to individuals with serious mental disorders and then return them to the community. In contrast to persons appropriate for civil commitment under the Baker Act, sexually violent predators generally have antisocial personality features which are unamenable to existing mental illness treatment modalities, and those features render them likely to engage in criminal, sexually violent behavior. The Legislature further finds that the likelihood of sexually violent predators engaging in repeat acts of predatory sexual violence is high. The existing involuntary commitment procedures under the Baker Act for the treatment and care of mentally ill persons are inadequate to address the risk these sexually violent predators pose to society. The Legislature further finds that the prognosis for rehabilitating sexually violent predators in a prison setting is poor, the treatment needs of this population are very long term, and the treatment modalities for this population

are very different from the traditional treatment modalities for people appropriate for commitment under the Baker Act. It is therefore the intent of the Legislature to create a civil commitment procedure for the long-term care and treatment of sexually violent predators.

§ 394.910, Fla. Stat. (2015). The legislature further hammers home its intent that sexually violent predators *not* be governed by Baker Act standards:

The Legislature intends that persons who are subject to the civil commitment procedure for sexually violent predators under this part be subject to the procedures established in this part and not to the provisions of part I of this chapter. Less restrictive alternatives are not applicable to cases initiated under this part.

§ 394.911, Fla. Stat. (2015).

Lake's reliance on a case dealing with a Baker Act commitment under Part I of Chapter 394 is therefore unpersuasive. Contrary to Lake's argument, the Legislature has not made records of a sexually violent predator confidential in the same way as the clinical records of a Baker Act patient.

In sum, the petition fails to demonstrate any error, much less the departure from the essential requirements of law necessary to merit certiorari relief.

*The petition for writ of certiorari is denied.*

TAYLOR and DAMOORGIAN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

- 6 -