Damoorgian, J.
Todd and Shire McLendon appeal a final summary judgment in favor of the Palm Beach County Property Appraiser arising out of the Property Appraiser’s denial of the McLendons’ request for an agricultural tax classification. We reverse for entry of summary judgment in favor of the McLen-dons and their agricultural tax classification.
The following material facts are undisputed. The McLendons own a five-acre parcel in Palm Beach County. Since 2006, they have used the land to raise wild birds for sale as pets—an activity commonly known as aviculture. In furtherance of their business venture, the McLendons spent approximately $50,000 for the purchase of cages, sheds, fences, feeders, and structures for storage.
From tax year 2006 through 2012, the Property Appraiser granted the McLen-dons’ property an agricultural tax classification because of its dual uses for avicul-ture and cattle grazing.
However, in 2012, the Property Appraiser denied the agricultural tax classification for the requested 4.5 acres and instead issued the classification for only 2.25 acres, pursuant to section 193.461(1), Florida Statutes (2012). The McLendons appealed to the Palm Beach County Value Adjustment Board (“VAB”) in accordance with section 193.461(2). The VAB held that the initially requested 4.5 acres should be given an agricultural classification.
In 2013, the Property Appraiser denied an agricultural tax classification for the part of the McLendon parcel devoted to aviculture. In doing so, the Property Appraiser contended that his office mistakenly classified aviculture as an agricultural purpose for purposes of qualifying the property for an agricultural exemption. The McLendons challenged the Property Appraiser’s decision to the VAB. The VAB *94 appointed a special magistrate[1] and reversed the Property Appraiser’s 2013 tax year declassification of the McLendons’ av-iculture-related property. The Property Appraiser appealed the VAB’s decision to the circuit court by filing a Complaint to Reinstate Property Assessment, pursuant to section 194.036(1), Florida Statutes (2014). The Property Appraiser also denied the agricultural classification for tax year 2014.
In the circuit court appeal, both parties moved for summary judgment. The Property Appraiser argued that the tax exemption was limited to those activities listed in the definition of “agricultural purposes” in section 193.461(5), Florida Statutes (2013). Looking to the statute, the Property Appraiser reasoned that since the Legislature included only “poultry,” and not “avicul-ture,” in its list of activities that constitute “agricultural purposes,” the Legislature expressed its intent to limit agricultural activities to only those listed in the statute. The McLendons countered that the VAB correctly determined that the list of agricultural activities in section 193.461(5) was not intended to be an exclusive list because of the phrase “includes, but is not limited to,” preceding the listed activities.
The trial court, reviewing the decision of the VAB “de novo,”[2] concluded that avi-culture was purposefully left out of the statute, and that bird-related activities qualifying as agricultural were limited to “poultry.” In reaching its conclusion, the court noted that “[a]ny ambiguity concerning entitlement to a tax exemption is to be resolved against the taxpayer.” It also expressed concern that including the breeding of pets, and more particularly pet birds, as an agricultural activity would lead to a floodgate of landowners engaging in pet breeding requesting an agricultural tax classification. Ultimately, the trial court entered summary judgment in favor of the Property Appraiser and against the McLendons. The effect of the summary judgment was that the McLen-dons lost their agricultural tax classification for 2013. This appeal follows.
Under Florida law, “only lands that are used primarily for bona fide agricultural purposes shall be classified agricultural.” § 193.461(3)(b), Fla. Stat. (2015). Subsection (5) of the statute includes a number of examples of the types of activities whose purpose is “agricultural” for tax exempt status:
For the purpose of this section, the term ‘agricultural purposes’ includes, but is not limited to, horticulture; floriculture; viticulture; forestry; dairy; livestock; poultry; bee; pisciculture, if the land is used principally for the production of tropical fish; aquaculture, including al-gaculture; sod farming; and all forms of farm products as defined in s. 823.14(3) and farm production.
§ 193.461(5), Fla. Stat. (emphasis added).
Turning to the issue before us, we are required to determine whether the phrase “but is not limited to” has more than one reasonable interpretation thereby creating an ambiguity. If it does, then the Property Appraiser is correct because we would be compelled to construe the ambiguity against the McLendons who are the taxpayers. See Markham v. PPI, Inc., 843 So.2d 922, 925 (Fla. 4th DCA 2003).
*95 In Florida Power & Light Co. v. Florida Public Service Commission, 31 So.3d 860, 865 (Fla. 1st DCA 2010), the First District Court held that the phrase “include, but are not limited to” is inherently plain and unambiguous, depriving maxims of statutory construction from applying and issuing clear legislative intent that “the categories listed ... are not exhaustive.” We agree with the First District Court and conclude that in this case, the Legislature’s use of a similar phrase was meant to convey that the list of examples of the types of activities whose purpose is “agricultural” is not exhaustive. It did not create an ambiguity. Accordingly, section 193.461(5) is not ambiguous.
The term “farm product” as listed in section 193.461(5) is unambiguously defined by section 823.14(3) as “any ... animal ... useful to humans.” § 823.14(3)(c), Fla. Stat. (2013). We also note that in referencing section 823.14(3) through section 193.461(5), the Legislature also linguistically emphasized inclusivity in both sections using the phrase “includes, but is not limited to:”
‘Farm product’ means any ... animal ... useful to humans and includes, but is not limited to, any product derived therefrom.
§ 823.14(3)(c) (emphasis added).
Although aviculture is not explicitly listed in either statute, “animals useful to humans” being a “farm product” authorizes the agricultural exemption, if the McLendons are able to establish that avi-culture serves a function useful to humans. In support of their motion for summary judgment, the McLendons submitted affidavits from Howard Voren, who has over thirty-five years of aviculture experience, and Susan Clubb, who is a Board Certified Avian Specialist Doctor of Veterinary Medicine with approximately twenty years of experience.
Both affiants opined that aviculture is useful to humans for multiple reasons including companionship, concern for endangered species, entertainment, education, and scientific purposes. The trial court expressly conceded that aviculture provides birds used “for their entertainment or novelty value.” With this concession, unre-butted by the Property Appraiser, we conclude that at the very least the McLendons’ birds are “useful to humans” as entertainment and companions and, therefore, constitute a farm product as that term is used in sections 193.461(5) and 823.14(3).
The plain meaning of the statutes in play control. An “animal useful to humans” is plain in its broad meaning and intention, and encompasses the McLendons’ bird-breeding activities on its face. Accordingly, the McLendons’ property qualifies for an agricultural tax exemption for the part of their parcel used for aviculture.

Reversed and remanded.

Ciklin, C.J., concurs specially with opinion.
MAY, J., concurs.

. Section 194.035(1), Florida Statutes (2013) provides that “the board shall appoint special magistrates for the purpose of taking testimony and making recommendations to the board, which recommendations the board may act upon without further hearing.”

. “The circuit court proceeding shall be de novo, and the burden of proof shall be upon the party initiating the action.” § 194.036(3), Fla. Stat. (2015).