DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

LANCELOT KOLLMANN,

Appellant,

v.

JENNIFER NICOL CAUDILL,

Appellee.

_____

No. 2D22-3442

_____

December 27, 2023

Appeal from the Circuit Court for Hillsborough County; Monique M.
Scott, Judge.

Tarya A. Tribble of Tribble Law Center, P.A., Riverview, for Appellant.

No appearance for Appellee.

SILBERMAN, Judge.

Lancelot Kollmann appeals a final judgment of injunction for
protection against domestic violence entered against him, challenging the
trial court's determination that a kangaroo, three zebras, and four
camels were family pets and were not owned for bona fide agricultural
purposes. Because those animals were impermissibly included in the
injunctive provisions of the final judgment, we reverse solely as to the
court's disposition of those animals. We otherwise affirm the final
judgment.

Kollmann and Jennifer Caudill were together for fourteen years before their relationship deteriorated. Kollmann and Caudill are animal trainers, and Caudill is also a professional circus performer. Both parties filed petitions for injunctions for protection against domestic violence against the other, and the trial court granted both petitions. Although Kollmann owned some animals before his relationship with Caudill began, the couple acquired many other circus and performing animals throughout their relationship. The parties were involved in the circus and animal entertainment industry, and the animals participated in circuses, fairs, educational shows, and what is described as a zoo or petting zoo.

In the section of the final judgment dealing with the "exclusive care, possession, or control of family pet(s)," the court ordered that Caudill retain exclusive possession of the kangaroo, three zebras, and four camels "once Ms. Caudill reimburses Mr. Kollmann at the bill of sale price." Consistent with section 741.30(5)(a)4, Florida Statutes (2022), the final judgment explicitly notes that this section of the final judgment "does not apply to . . . an animal owned primarily for a bona fide agricultural purpose." On appeal, Kollmann argues that the trial court's classification of the kangaroo, zebras, and camels as family pets was improper.

Because the trial court's decision turned upon the interpretation of a statute, our review is de novo. *Conservancy of Sw. Fla., Inc. v. Collier County*, 352 So. 3d 481, 484 (Fla. 2d DCA 2022). Section 741.30(5)(a)4 provides:

> If it appears to the court that an immediate and present
> danger of domestic violence exists, the court may grant . . .
> such relief as the court deems proper, including an
> injunction:

2

. . . .

 4. Awarding to the petitioner the temporary exclusive care, possession, or control of an animal that is owned, possessed, harbored, kept, or held by the petitioner, the respondent, or a minor child residing in the residence or household of the petitioner or respondent.  The court may order the respondent to temporarily have no contact with the animal and prohibit the respondent from taking, transferring, encumbering, concealing, harming, or otherwise disposing of the animal. *This subparagraph does not apply to an animal owned primarily for a bona fide agricultural purpose, as defined under s. 193.461 . . . .*

(Emphasis added.)  The term "agricultural purpose" is statutorily defined as including but not limited to "horticulture; floriculture; viticulture; forestry; dairy; livestock; poultry; bee; pisciculture . . .; aquaculture . . .; algaculture; sod farming, and all forms of farm products . . . and farm production."  § 193.461(5), Fla. Stat. (2022).  " 'Farm product' means any . . . animal . . . useful to humans and includes, but is not limited to, any product derived therefrom."  § 823.14(3)(e), Fla. Stat. (2022).

 Kollmann cites to *McLendon v. Nikolits*, 211 So. 3d 92 (Fla. 4th DCA 2017), in support of his argument that the trial court erred by classifying the kangaroo, zebras, and camels as family pets.  There, a couple had a five-acre parcel of land for which the property appraiser had granted an agricultural tax classification from 2006 through 2012.  *Id.* at 93.  The couple used the land for cattle grazing and "to raise wild birds for sale as pets—an activity commonly known as aviculture." *Id.*  The couple purchased cages, sheds, fences, feeders, and other structures for storage to further their business venture.  *Id.*  In 2013, the property appraiser denied the agricultural tax classification for the portion of the property devoted to aviculture.  *Id.*

 The couple challenged the property appraiser's denial to the Palm Beach County Value Adjustment Board, which reversed the decision.  *Id.*

3

at 93-94.  The property appraiser then appealed to the circuit court, which concluded that aviculture was purposefully omitted from the statutory definition of agricultural purposes "and that bird-related activities qualifying as agricultural were limited to 'poultry.' "  *Id.* at 94. The circuit court entered summary judgment in favor of the property appraiser and against the couple, resulting in the couple losing their agricultural tax classification.  *Id.*

The Fourth District reversed, concluding that the couple's property "qualifie[d] for an agricultural tax exemption for the part of their parcel used for aviculture."  *Id.* at 95.  The court noted that section 193.461(5) is not exhaustive and that the term "farm product" as listed in the same section "is unambiguously defined by section 823.14(3) as 'any . . . animal . . . useful to humans.' "  *Id.* (alterations in original) (quoting § 823.14(3), Fla. Stat. (2013)).  The court reasoned that the couple had established that aviculture serves a function useful to humans and recognized that aviculture provides "companionship, concern for endangered species, *entertainment*, education, and scientific purposes." *Id.* (emphasis added).  The Fourth District also noted that the circuit court "expressly conceded that aviculture provides birds used 'for their entertainment or novelty value.' "  *Id.*  Based on the record evidence and the unrebutted concession, the Fourth District concluded "that at the very least the [couple's] birds are 'useful to humans' as entertainment and companions and, therefore, constitute a farm product as that term is used in sections 193.461(5) and 823.14(3)."  *Id.*

Here, the trial court erred by classifying the kangaroo, three zebras, and four camels as "family pet(s)."  Caudill is a circus performer and zoo or petting zoo owner.  Kollmann and Caudill have extensive histories owning and training performing animals.  The parties and their

4

performing animals participated in circuses, fairs, and educational shows.

Like in *McLendon*, the kangaroo, three zebras, and four camels are animals that were used for bona fide agricultural purposes as defined in section 193.461(5).  Thus, we conclude that the trial court erred by determining that those animals were family pets and by including them in the injunctive provisions of the final judgment.  We reverse the final judgment of injunction for protection against domestic violence solely as to the court's disposition of the kangaroo, three zebras, and four camels and remand with directions to strike this language.

Affirmed in part, reversed in part, and remanded with directions.

MORRIS and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.